STATE EX REL. PEEL ET AL., RELATORS, v. DISTRICT COURT
ET AL., RESPONDENTS.

(No. 4,826.)

(Submitted March 19, 1921.   Decided April 18, 1921.)]

[197 Pac. 741.]

*Probate Proceedings — Administrators — Persons Entitled to Letters—Withdrawal of Petition—Effect on Right to Nominate—Striking Petition Without Hearing—Supervisory Control—Mandamus—Decrees—Collateral Attack—Jurisdiction.*

Probate Proceedings—Petition for Letters—Collateral Attack on Decree of Divorce—Jurisdiction.

1. *Held,* that the district court, sitting in probate for the purpose of hearing the petition of the widow of a decedent for letters of administration and a counter-petition filed by his mother, was without authority to entertain and determine a collateral attack upon a decree of divorce granted the widow from a former husband prior to her marriage to decedent.

Same—Letters of Administration—Nomination of Administrator—Rights of Widow.

2. Under section 7432, Revised Codes, the surviving wife of a decedent is *prima facie* entitled to have letters of administration issued to her or some competent person designated by her, in preference to the mother of decedent.

Same—Withdrawal of Petition for Letters—Effect on Right to Nominate Administrator.

3. Withdrawal of her petition for letters of administration, a counter-petition to which had been filed, did not deprive the widow of the decedent of her right, before hearing on the petitions, to nominate a suitable person to act for her as administrator.

Same—Striking Petition Without Hearing on Merits—Void Order.

4. Where the district court, sitting in probate, instead of hearing a petition for letters of administration, a counter-petition and a motion to strike the original petition from the files, together, as required by section 7441, Revised Codes, simply heard and granted the motion to strike, its action was without authority of law, and void.

Supervisory Control—Will Issue, When.

5. The writ of supervisory control is in the nature of a summary appeal, and will issue only where there is no plain, speedy or adequate remedy at law by appeal or other constitutional writ; hence, where writ of mandate affords adequate relief, supervisory control will not issue.

---

2. Right of person entitled to administer to nominate administrator to exclusion of person next entitled to appointment, see notes in 17 Ann. Cas. 948; Ann. Cas. 1914A, 1014.

Probate Proceedings—Petition for Letters—Nonaction by Court—*Mandamus* Proper Remedy.

    6. While ordinarily *mandamus* does not lie to correct an error of the district court, yet where its erroneous action was tantamount to refusal to act—as where, on motion, it struck a petition for letters of administration from the files without affording an opportunity to petitioner to be heard on the merits, a duty specially enjoined upon it by law—*mandamus* is the proper remedy to compel restoration of the petition to the files.

Original application, by the State, on the relation of Richard Peel and Alfie Elling, relators, against the District Court of the Fifth Judicial District, in and for the County of Madison, and Joséph R. Jackson, a Judge of the Second District, presiding, for writ of supervisory control or other appropriate writ, to compel respondents to restore to the files certain papers erroneously ordered stricken in the case of *In re Estate of Horace B. Elling, Deceased.* Writ of mandate ordered to issue.

*Messrs. Templeman & Sanner, Messrs. Stewart & Brown* and *Mr. Geo. R. Allen,* for Relators, submitted a brief; *Mr. Sydney Sanner* and *Mr. S. V. Stewart* argued the cause orally.

It is our view that supervisory control is the proper remedy here, because the court below has (a) acted, (b) within jurisdiction (c) in manifest error, (d) not otherwise adequately remediable, (e) to the immediate and lasting prejudice of the relators. To meet such a situation the writ of supervisory control was devised; it will meet that situation and no other will. (*In re Weston,* 28 Mont. 207, 72 Pac. 512; *State ex rel. Jerry* v. *District Court,* 57 Mont. 328, 188 Pac. 365; *State ex rel. Carroll* v. *District Court,* 50 Mont. 428, 147 Pac. 612; *State ex rel. Mannix* v. *District Court,* 51 Mont. 310, 152 Pac. 753; *State ex rel. Hubbert* v. *District Court,* 54 Mont. 472, 171 Pac. 784; *State ex rel. Zosel* v. *District Court,* 56 Mont. 578, 185 Pac. 1112.)

---

    6. Scope of remedy of *mandamus* with respect to judicial officers and tribunals, see note in 98 Am. St. Rep. 890.

    *Mandamus.* to compel court to assume or exercise jurisdiction where it has erroneously dismissed the cause or refused to proceed on the ground of supposed lack of jurisdiction, see note in 4 A. L. R. 582.

It is not to be forgotten that the orders here questioned are orders granting motions to strike from the files. Such an order is not among those enumerated in the statute, and *prima facie* an appeal from it will not lie. (Rev. Codes, sec. 7098; *Tuohy's Estate*, 23 Mont. 305, 58 Pac. 722.) It may be suggested, however, that the orders are in legal effect an order denying letters of administration which by the same statute are appealable. We answer, first, that such assertion would be unwarranted because, though the orders have that result, the court below, with the statute before it (Rev. Codes, sec. 7441) requiring it to hear contesting petitions together, declined so to hear the petition of Peel, but struck it from the files as unworthy of hearing and consideration.

Again, assuming for argument's sake that the order in question could be considered as one denying letters of administration, this court, in *State ex rel. Cotter* v. *District Court*, 49 Mont. 146, 140 Pac. 732, held, or at least declared, that "there being no appeal" from an order denying letters of administration, the order should be annulled on supervisory control.

It may be further suggested that as supervisory control is the "last refuge" in the way of writs, there must be a situation to which no other special proceedings will apply. We submit that the feasibility of any other special proceeding must be determined by the same standards as are applied to the case of an appeal, and so measured, none of them is plain and adequate. The only special proceedings which could by any possibility be considered are prohibition, *certiorari* and *mandamus*. Prohibition does not lie, for the reason that there is nothing to arrest. The court below has functioned; what is done is done (Rev. Codes, sec. 7727 *et seq.*). *Certiorari* does not lie for the reason that no excess of jurisdiction has happened. The court below has jurisdiction of this estate, and power to determine all motions arising therein; that he determined erroneously creates no need for *certiorari*. *Mandamus*, as addressed to an inferior tribunal, acting judicially, may command action, but not the kind of action; it may say

"decide," but not "decide thus." What would the writ command the court to do? We have had action and decision by the court, and need no more of the same sort. What we seek is to have undone what has been done; but to ask that an order be vacated because it is wrong is not to seek action within the purview of *mandamus,* or at all, except in a negative way. However, assuming *mandamus* to be available, our petition is certainly broad enough to invoke it; it is verified, therefore in effect an affidavit, and it contains every essential allegation.

It is apparent from sections 7432, 7447, and 7450, Revised Codes, without the aid of judicial decision, that the purpose was (a) to give to the surviving spouse the absolute right, beyond the discretion of the court to deny, to administer in person or by competent nominee, and (b) that when anyone else shall have been appointed, such appointment is revocable at the instance of, and letters are issuable to, the spouse, his or her competent nominee. These sections were borrowed from California, and the judicial interpretation of that state, as well as this, has been to the same effect. (*In re Blackburn's Estate,* 48 Mont. 179, 137 Pac. 381; *State ex rel. Cotter* v. *District Court,* 49 Mont. 146, 140 Pac. 732; *In re Infelise's Estate,* 51 Mont. 18, 149 Pac. 365; *State ex rel. Eakins* v. *District Court,* 34 Mont. 226, 85 Pac. 1022; *In re Shiel's Estate,* 120 Cal. 611, 52 Pac. 808; *Estate of Dorris,* 93 Cal. 611, 29 Pac. 244; *Estate of Aldrich,* 147 Cal. 343, 81 Pac. 1011; *Estate of Dow,* 132 Cal. 309, 64 Pac. 402.) The right thus given is not a mere shadowy or formal thing, but something substantial which can be exhausted only by fruition. If, as said the court in *Shiel's Estate,* the mere fact of requesting the appointment of somebody else would not, as a matter of law, estop the widow from revoking her request, how can the mere fact of requesting the appointment for herself (which is the meaning of her petition) have any greater effect, and how can either constitute the exercise,

waiver or substantial fruition of a right so solemnly granted
by the statute?

We are familiar, of course, with the rule that as between
the widow and one who, upon her nomination, has applied
for letters of administration, her right to personally admin-
ister is ended, so long as she continues to serve; but this is
upon the theory that he is her representative, and that she,
by her nomination, waived her personal right in his favor,
and having encouraged him to go to the expense and trouble
of applying for the office, she would be, upon general prin-
ciples, estopped from withdrawing her renunciation or assent.
(*Estate of Kirtlan,* 16 Cal. 162; *In re Bedell's Estate,* 97 Cal.
339, 32 Pac. 323; *Silvar's Estate,* 5 Cal. Unrep. 494, 46 Pac.
296.) That it is not a waiver or exercise to exhaustion of
the widow's prior right to control the administration merely
to file a petition which is never granted, necessarily follows
from the statute and from the decisions. Suppose the widow
had stood upon her petition instead of as here withdrawing
it, and the court, regarding her as incompetent, should deny
it, would she thereby have lost her right to nominate some-
one who is competent? The authorities are all to the con-
trary. How, then, can she be foreclosed by merely filing a
petition which is neither granted nor denied but is withdrawn
for the very purpose of more effectively asserting her right
by the nomination of someone against whom no reasonable
objection could be urged?

The district judge, sitting in probate, on the hearing of
motions to strike from the files, erred in taking evidence by
way of collateral attack upon the judgment of a court of
general jurisdiction. "A court of probate is a court of lim-
ited jurisdiction. It cannot entertain even a direct attack
upon any final order, decree or judgment not entered by it-
self; this can only be done by the district court sitting with
plenary powers in the exercise of its civil jurisdiction." (*In
re Pepin's Estate,* 53 Mont. 240, 247, 163 Pac. 194; *In re
Trimm,* 30 Misc. Rep. 493, 63 N. Y. Supp. 952; *Ward's Estate,*

59 Misc. Rep. 328, 112 N. Y. Supp. 382.) The motions to strike from the files were in effect a demurrer for lack of sustenance or for want of proper parties. To take evidence in support of such a demurrer is indeed unusual; to direct it to the overthrow of the judgment of a court of general jurisdiction is daring, but to have that done in probate is overwhelming. Whatever rights the mother of decedent may now have, and however they may conflict with those now asserted by Alfie Elling, they had no existence in 1902, when Alfie secured a decree of divorce from her former husband. Whatever rights she has accrued when Horace Elling died in 1920, and eighteen years after the 'judgment in question. One whose rights accrue after a judgment is rendered cannot attack the judgment. (*In re Pepin's Estate*, 53 Mont. 249, 163 Pac. 104; *Hogg* v. *Link*, 90 Ind. 346; *Johns* v. *Pattee*, 55 Iowa, 665, 8 N. W. 663; *Brace* v. *Reid*, 3 G. Greene (Iowa), 422; *Smith* v. *Elliott*, 56 Fla. 849, 47 South. 387; 23 Cyc. 1068.)

*Mr. M. M. Duncan* and *Mr. Edgar P. Reid*, for Respondents. submitted a brief; *Mr. Duncan* argued the cause orally.

This court has uniformly held that where there is a right of appeal, a writ of supervisory control will not issue, and is only issued to correct rulings made by lower courts acting within jurisdiction, but erroneously where there is not an appeal, or the remedy by appeal cannot afford adequate relief, and gross injustice is threatened as the result of such ruling. (*State ex rel. Clark* v. *District Court*, 30 Mont. 442, 76 Pac. 1005; *State ex rel. Morse* v. *District Court*, 29 Mont. 230, 74 Pac. 412; *State ex rel. Topley* v. *District Court*, 54 Mont. 461, 171 Pac. 273; *State ex rel. Carroll* v. *District Court*, 50 Mont. 428, 147 Pac. 612; *State ex rel. Whiteside* v. *First Judicial District Court*, 24 Mont. 539, 63 Pac. 395; *State ex rel. King* v. *Second Judicial District Court*, 24 Mont. 494, 62 Pac. 820; *State ex rel. Mannix* v. *District Court*, 51 Mont. 310, 152 Pac. 753.)

In the case at bar the order complained of was a refusal to grant to the petitioner, Richard Peel, letters of administration, and as such is appealable under subdivision 3 of section 7089 of the Revised Codes. Whenever any decree, order, appointment, grant or denial is made by any judge of probate which concludes the interest of a party, or which may be final upon the question and is a matter of record, the statute gives an appeal. (Notes to *Craighead* v. *Alexander,* Ann. Cas. 1913C, p. 850; 3 C. J. 569, and cases cited.) Should it, however, be held that the orders complained of are not at this time appealable under section 7098, Rev. Codes, yet it cannot be said that an appeal would not lie under section 7113 after an order is made appointing an administrator of the estate in question. (*State ex rel. Shores* v. *District Court,* 27 Mont. 349, 71 Pac. 159; *State ex rel. Moore* v. *Second Judicial District Court,* 25 Mont. 31, 63 Pac. 686.)

The contention of respondents is that Alfie Elling, if she had a right to nominate an administrator of the said estate, has waived that right. The record shows that she has filed a petition for her own appointment as administratrix of said estate, and our contention is that her petition is still on file, and has not been disposed of, and by the filing of her own petition for her own appointment she thereby waived the right to nominate another for administrator of the said estate. (*In re Blackburn's Estate,* 48 Mont. 179, 137 Pac. 381.) The case of *Smith* v. *Lurty,* 107 Va. 548, 59 S. E. 403, arose under a statute similar to the statute of this state. A husband died leaving a will appointing an executor. The executor refused to qualify; thereupon the widow moved the court to grant her letters of administration with the will annexed, and in case it be denied, then to grant letters to her nominee, when she was ready to announce to the court. The petition was opposed by other legatees and devisees. Upon the hearing the court overruled the petition of the widow and denied her letters of administration. The widow then sought to nominate another to whom letters should be granted. The

court refused to grant letters to her nominee on the ground
of waiver. (See, also, *In re Lowe's Estate,* 178 Cal. 111, 172
Pac. 583; *Sullivan's Estate,* 25 Wash. 430, 65 Pac. 793; *In
re Silvar's Estate,* 5 Cal. Unrep. 494, 46 Pac. 296; *State* v.
*Romjue,* 136 Mo. App. 650, 118 S. W. 1188.) It will there-
fore be seen that a surviving spouse may waive her right to
nominate, and the waiver cannot be different from any other
kind of a waiver, as was said in the *Blackburn Case.*

MR. JUSTICE GALEN delivered the opinion of the court.

This is an original proceeding wherein a writ of super-
visory control or other appropriate writ is sought, directed
to the district court of Madison county and Joseph R. Jackson,
acting judge thereof.

An order to show cause was issued on the filing of the
[1] verified petition herein and the case came on for hear-
ing and argument on motion to quash the order and dismiss
the petition. It appears that Horace B. Elling, a resident
of Madison county, died on September 22, 1920, leaving estate
therein. At the time of his death he was forty-three years
old, and died intestate. On October 13, 1920, Alfie Elling,
claiming to be his widow, filed her petition for letters of
administration of the estate; to this petition Mary B. Elling,
mother of the decedent, filed objections and nominated G. G.
Wheat as her candidate for letters and on November 13 he
filed his petition praying for the issuance to him of letters
of administration. Thereafter, on November 30, Alfie Elling
filed with the clerk of the court a praecipe withdrawing her
application for letters, and filed in lieu thereof her nomination
of the relator, Richard Peel, who at the same time filed his
petition praying for the issuance to him of letters of admin-
istration based upon her nomination. Both petitions were set
for hearing on December 10, 1920. On that date, G. G.
Wheat, as such petitioner, filed motions to strike from the files
Alfie Elling's nomination of Richard Peel and Peel's petition
for letters of administration; and on the same day the motions

were brought on for hearing and evidence taken by the court in support thereof. Later both the motions were by the court granted. The petitions and counter-petitions filed were not then, or at all, otherwise heard, considered or decided; and it is the orders made and entered sustaining these motions to strike of which complaint is made. The contention upon the motions was, in substance, that Alfie Elling, having petitioned for letters (though later withdrawing same), foreclosed her right to nominate, if any she ever had; that Alfie Elling was never entitled to make such nomination; that she had, on June 20, 1902, undergone a marriage ceremony with Horace B. Elling and from that time sustained with him the relation of husband and wife, yet she never was his wife and is not his widow because, at the time of her marriage with him, she was the lawful wife of another. It was conceded that prior to the marriage ceremony she had secured from the district court of Madison county, Montana, what appears to be a decree of divorce from her previous husband, Theodore Johnson, and the contention made in support of the motions to strike consists of a collateral attack upon the legality of the decree of divorce.

In our opinion, the only question of several presented which we are called upon to decide is whether the district court, sitting in probate on the hearing of preliminary motions, was authorized to entertain and determine a collateral attack made upon the judgment of a court of competent jurisdiction, thus depriving relators of opportunity to participate in the final hearing, and permit them, should they desire, to make a record upon which the merits of the application might be presented to this court for review on appeal. Solution of this question necessarily involves the remedy applicable.

It is manifest from the recitals contained in the petition before us that Richard Peel is entitled to a hearing upon the merits of his petition for letters, nominated as he was by Alfie Elling, claiming to be the widow of Horace B. Elling, deceased. It appears to us that the court acted arbitrarily

and without warrant in legal procedure when, by its orders, the relators' petition and nomination were stricken from the files on motion, without according them a hearing upon the merits. They were clearly entitled to their day in court, which was denied them by the sustaining of the motion's to strike.

Section 7432 of the Revised Codes, provides in part as [2] follows: "Administration of the estate of all deceased persons dying intestate, must be granted to some one or more of the persons hereinafter mentioned, the relatives of the deceased being entitled to administer only when they are entitled to succeed his personal estate or some portion thereof, and they are, respectively, entitled therein in the following order: 1. The surviving husband or wife, or some competent person whom he or she may request to have appointed. 2. The children. 3. The father or mother," *etc.* Upon the face of Peel's petition for letters, and of his nomination as administrator, it is made to appear that Alfie Elling is the surviving wife of the deceased, and, as such, she is *prima facie* entitled to have letters of administration issued to her, or to some competent person by her designated, in preference to the surviving mother of the deceased. As pointed out under the statute, first in right comes the widow, or some competent person whose appointment she may request, and then the children, if any, and third, the mother.

Alfie Elling, if the widow of Horace B. Elling, deceased, has an absolute right to control *in limine* the administration of her late husband's estate; and for such purpose may either administer it herself or nominate some competent person in whom she places trust and confidence. (*In re Blackburn's Estate,* 48 Mont. 179, 137 Pac. 381; *State ex rel. Cotter* v. *District Court,* 49 Mont. 146, 140 Pac. 732; *In re Watson's Estate,* 31 Mont. 438, 78 Pac. 702.)

There is no merit in the contention made by counsel that [3] Alfie Elling, by petitioning to have letters issued to her as administratrix, thereby foreclosed her right to nominate

a suitable person in her stead, even though objections were filed against her appointment. *In limine* she had the right to appointment, as the surviving wife of the deceased, or, as an alternative, to nominate someone in her stead. (*In re Dolenty's Estate*, 53 Mont. 33, 161 Pac. 524.) The filing of a petition by her for the issuance of letters did not of itself foreclose her rights to withdraw her petition before hearing and to nominate another person. The praecipe filed with the clerk of the court for the withdrawal of her petition for letters *ipso facto* worked an abandonment of her petition, and there was but a mere clerical duty devolving upon the clerk to enter its dismissal. The mere filing of the praecipe for withdrawal before hearing was all that was necessary to render it *functus officio.* No formal order by the court was necessary. It is no different than a praecipe for the issuance of summons or subpoena of witnesses, and was properly addressed to the clerk. Having withdrawn her petition, she was in position, within her statutory rights, to make nomination of another person.

Petition for the issuance of letters by either or any of [4] the parties asserting preference rights may be contested, but in that event, after the giving of the notice provided for, the court, or judge, is required to hear the petitions together. (Sec. 7441, Rev. Codes.) In this case, instead of hearing the petitions, the court proceeded to hear the motions to strike from the files, took evidence in support thereof, and at the conclusion of such hearing ordered the petition and nomination of the relators stricken from the files. This was an anomalous proceeding, to say the least, and is without authorized precedent in our procedure. It is as much without purpose or justification as would be the taking of evidence on hearing of a demurrer. The relators are without remedy by appeal (sec. 7098, Rev. Codes; *Tuohy's Estate*, 23 Mont. 305, 58 Pac. 722; *Raleigh* v. *District Court*, 24 Mont. 306, 81 Am. St. Rep. 431, 61 Pac. 991), nor have they a plain, speedy or adequate remedy in the ordinary course of law.

But what is the proper remedy to be applied? The relators ask for ·the issuance in this proceeding of a writ of supervisory control or other appropriate writ, and their petition will warrant the issuance of a writ of mandate under the statute (*Id.*, sec. 7214) if that shall be determined the proper remedy.

The writ of supervisory control is in the nature of a [5] summary appeal, and the last refuge whereby relief may be had. It will issue only when there is no other plain, speedy or adequate remedy at law by appeal or other constitutional writ. (*State ex rel. Whiteside* v. *First Judicial District Court*, 24 Mont. 539, 63 Pac. 395; *In re Weston*, 28 Mont. 207, 72 Pac. 512; *State ex rel. Carroll* v. *District Court*, 50 Mont. 428, 147 Pac. 612; *State ex rel. Mannix* v. *District Court*, 51 Mont. 310, 152 Pac. 753; *State ex rel. Hubbert* v. *District Court*, 54 Mont. 472, 171 Pac. 784; *State ex rel. Zosel* v. *District Court*, 56 Mont. 578, 185 Pac. 1112; *State ex rel. Jerry* v. *District Court*, 57 Mont. 328, 188 Pac. 365.)

In *State ex rel. Whiteside* v. *District Court*, 24 Mont., at page 562 (63 Pac. 400), Mr. Chief Justice Brantly laid down the correct rule respecting the issuance of this writ as follows: "As the appellate jurisdiction was granted for the purpose of revision and correction, and the original jurisdiction under these writs was granted to enable us to render such relief as is appropriate under them, so the supervisory power was granted to meet emergencies to which those other powers and instrumentalities are not commensurate. It is independent of both, and was designed to infringe upon the functions of neither. * * * Cases may arise also where some relief could be granted under some one of the other original writs named, but such relief would not be complete and adequate because of some error which could not be corrected by means of the limited functions of the particular writ, while the supervisory power is unlimited in the means at our disposal for its appropriate exercise."

The writ of mandate may be issued by this court to any
[6] inferior tribunal to compel the performance of an act
which the law specially enjoins as a duty resulting from an
office. (Sec. 7214, Rev. Codes.)  Ordinarily, *mandamus* will
not lie to correct an error of the district court already made;
but in this instance, the court has not acted, but has refused
to act—that is, it has refused to hear and act upon the peti-
tion of Richard Peel for letters of administration, based upon
his nomination made by Alfie Elling, alleging herself to be the
widow of the deceased. The determination of the rights of the
relators upon the nomination and petition is an act which
the law specially enjoins as a duty upon the district court,
and therefore the writ of *mandamus* will lie. (*Caledonia Ins.
Co.* v. *Northern Pac. Ry. Co.*, 32 Mont. 46, 79 Pac. 544.)  Ac-
cordingly, since the writ of *mandamus* is adequate to afford
relief in the case presented, the writ of supervisory control
will not issue.

Paraphrasing the language of Mr. Justice Pigott in the case
of *Raleigh* v. *District Court*, 24 Mont., at page 311, (81 Am. St.
Rep. 431, 61 Pac. 993), as applied to the case before us, Alfie
Elling possessed the absolute right to withdraw her petition
for letters before hearing and to nominate another person
to act as administrator. The district court struck the nomina-
tion by her made and the petition for letters based thereon,
made by Richard Peel, from the files, for the reason that,
as the court believed, Alfie Elling was not the wife of the
deceased as alleged; but the law specially enjoined upon the
district court the duty to hear the relators' petition for letters
(sec. 7442, Rev. Codes), and to refrain from striking the
same from the files. "Refusal to take jurisdiction, or after
having acquired jurisdiction, refusal to proceed in its regular
exercise, or the erroneous determination of a preliminary
question of law, upon which the court refused to examine the
merits, will be corrected by *mandamus*." "A distinction is
recognized between cases where it is sought by *mandamus* to
control the decision of an inferior court upon the merits of a

cause, and cases where it has refused to go into the merits of the action upon an erroneous construction of some question of law or of practice, preliminary to final hearing.'' (High's Extr. Legal Remedies, sec. 151; R. C. L., secs. 229, 234.)

A peremptory writ of *mandamus* will issue, commanding the district court to restore to the files the nomination made by Alfie Elling and the petition of Richard Peel for letters of administration based thereon, and to proceed to a hearing on such nomination and petition, in the due exercise of its jurisdiction.

*Writ of mandate issued forthwith.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and HOLLOWAY concur.