STATE ex Rel. BROPHY, Relator, v. DISTRICT COURT
ET AL., Respondents.

(No. 9,207.)

(Submitted November 18, 1933. Decided December 6, 1933.)

[27 Pac. (2d) 509.]

(479)

*Mr. Timothy Nolan,* for Relator, submitted a brief and argued the cause orally.

*Mr. H. E. Gardiner,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

Chauncey L. Berrien died in May, 1932, leaving a will under which his wife, Celia Berrien, was sole legatee. She was appointed executrix of the will on May 31, 1932, and continued to serve in that capacity until she died, April 9, 1933. Mrs. Mary Gavigan was then appointed administratrix of the estate. Celia Berrien left a will in which Murry Brophy, relator here, was named as executor and sole beneficiary.

On July 8, 1933, in accordance with the petition of Mary Gavigan, a decree of final settlement of account and distribution of the estate of Chauncey L. Berrien was entered in the district court of Silver Bow county by Timothy E. Downey, a judge thereof and a respondent here.

On August 11, 1933, Murry Brophy, relator, filed a motion to set aside a portion of the above decree, under the provisions of section 10303, Revised Codes 1921, which section reads as follows: "The settlement of any account and the allowance thereof by the court or judge, or upon appeal, is conclusive against all persons in any way interested in the estate, saving, however, to all persons laboring under any legal disability, the right to move for cause to reopen and examine the account, or to proceed by action against the executor or administrator, either individually or upon his bond, at any time before final distribution; and in any action brought by any such person, the allowance and settlement of the account is prima facie evidence of its correctness; provided, the court may, upon motion of any party interested, or upon its own motion, within sixty days after the rendition of the decree in cases of inadvertence, or within sixty days after the discovery of the facts constituting · the fraud, reopen or set aside any decree of any settlement on the grounds of inadvertence or fraud."

The motion recited a history of the proceedings in the estate of Chauncey L. Berrien, and set forth that by inadvertence the court had erroneously awarded to Mary Gavigan, the administratrix, the sum of $1,300, as administratrix fees, without taking into account the service rendered the estate by the executrix, Celia Berrien, before her death, and had likewise by inadvertence erroneously awarded to the attorneys for the administratrix the sum of $5,000 as compensation for their services. The motion recited that the demand for the relief would be based upon the records and files in the estate of Chauncey L. Berrien, deceased, and Celia Berrien, deceased, upon documentary evidence and upon oral testimony to be offered upon a hearing. Notice of hearing on the motion was duly given.

Thereafter Mary Gavigan, personally and as public administratrix, made and entered appearance by a pleading denominated "Special appearance in objection to jurisdiction and motion to dismiss," and moved the court to dismiss the motion of Murry Brophy on the ground that a final decree of distribution had been entered, that the administratrix had been discharged, and

that the estate had been finally closed, with the alleged result that the whole matter was *res judicata*. The motion set forth that movant, Mary Gavigan, appeared specially for the sole and only purpose of objecting to the jurisdiction of the court to hear the motion of Murry Brophy.

On September 2, 1933, the motion of Mary Gavigan to dismiss the motion of Murry Brophy was argued to the court and submitted without the introduction of any evidence; and on November 4, 1933, the court made the following order: "This day the motion of Mary Gavigan to dismiss the motion of Murry Brophy to set aside portion of the decree of settlement of final account and decree for final distribution as awarding attorney's fee and administratrix fees heretofore heard by the court is sustained." Thereupon Murry Brophy secured an alternative writ of mandate from this court ordering the district court to hear the motion or show cause why it should not do so.

The respondent court and judge tender the issue as follows: "It is the contention of respondents that the sole issue to be determined is whether or not the district court was correct in holding that it did not have jurisdiction to hear the motion of the said Murry Brophy."

From the foregoing premise it is argued that the jurisdiction of the district court terminated with the rendition of the decree of distribution and the subsequent discharge of the administratrix, and that the matter was and is *res judicata*. Such a contention might be sound as a general proposition of law, but it will not stand up in the face of the statute. (Sec. 10303, supra.) That section is specific and controlling. It carries its own qualifications and conditions, to wit, the motion must be by a party interested, within time, and be based upon alleged fraud or inadvertence. There is no question as to the interest of Murry Brophy. He acted within time and based his demand for relief upon the statutory ground of inadvertence.

It is, then, manifest that the court was bound to hear the motion upon the merits. It did not do so; instead it made an order dismissing it. The court erroneously decided that, as a matter of law, it had no jurisdiction to hear the motion on the merits, and thus failed to perform a duty imposed by law.

(*State ex rel. County of Musselshell* v. *District Court*, 89 Mont. 531, 300 Pac. 235, 82 A. L. R. 1158.)

This court, in considering the action of a district judge in striking out a petition for letters of administration, said: "It appears to us that the court acted arbitrarily and without warrant in legal procedure when, by its orders, the relator's petition and nomination were stricken from the files on motion, without according them a hearing upon the merits. They were clearly entitled to their day in court, which was denied them by the sustaining of the motions to strike." (*State ex rel. Peel* v. *District Court*, 59 Mont. 505, 197 Pac. 741, 742.)

We hold that it was the duty of the respondent court to hear relator's motion on the merits. No appeal from the order was possible, as the order was not a judgment nor an appealable order under the statutes. (Secs. 9729, 9731, Rev. Codes 1921.)

Mandamus is the proper remedy where the court refuses to ■ perform a duty specially imposed by the statute. This relator had no other adequate remedy at law, and the writ of mandamus is proper. (*State ex rel. Peel* v. *District Court*, supra; *State ex rel. County of Musselshell* v. *District Court*, supra; *In re Roberts' Estate*, 48 Mont. 40, 135 Pac. 909; *State ex rel. Fleming* v. *Shackelford*, 263 Mo. 52, 172 S. W. 347; see, also, collection of cases in annotation in 4 A. L. R. 584.)

The contention of respondents that the question of inad- ■ vertence had to be disposed of before the court had jurisdiction to hear relator's motion is not tenable. A similar contention was rejected by this court in the case of *State ex rel. Peel* v. *District Court*, supra. There the court said: "Instead of hearing the petitions the court proceeded to hear the motions to strike from the files, took evidence in support thereof, and, at the conclusion of such hearing, ordered the petition and nomination of the relators stricken from the files. This was an anomalous proceeding, to say the least, and is without authorized precedent in our procedure. It is as much without purpose or justification as would be the taking of evidence on hearing of a demurrer."

It is true that no evidence was taken on the motion to dismiss in this matter, but the action of the court in dismissing the

relator's motion was none the less erroneous. The important consideration here is that it was the duty of the district court to consider and decide the matter on the merits. This court cannot say how the question should be decided. (*State ex rel. County of Musselshell* v. *District Court,* supra.)

A peremptory writ of mandamus will issue, commanding the district court to reinstate the motion made by Murry Brophy, and to proceed to a hearing on such motion in the due exercise of its jurisdiction. Relator will recover his costs in this proceeding consisting of filing fees in this court.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGST-MAN, MATTHEWS and ANDERSON concur.