STATE ex Rel. REGIS, Relator, *v.* DISTRICT COURT et
al., Respondents.

(No. 7,540.)

(Submitted March 4, 1936.   Decided March 19, 1936.)

[55 Pac. (2d) 1295.]

*Mr. William Meyer,* for Relator, submitted a brief and argued the cause orally.

*Mr. Eugene Kelly,* of the Bar of Los Angeles, California, for Respondents, submitted an original and a supplemental brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Original application to this court for an order, under its supervisory power, to annul an order of the district court of Silver Bow county vacating an award of extraordinary executor's fees in the matter of the estate of W. A. Clark, III, deceased.

On presentation of the relator, Oscar Regis, this court caused to be issued and served upon the respondent judge, Honorable Frank L. Riley, an alternative writ of supervisory control, returnable on March 4, 1936; in response thereto there were filed herein a motion to quash the writ on the ground that the application does not state facts sufficient to entitle the relator to any relief, and a motion to dismiss the proceedings on the ground that the relator has a plain, adequate, and speedy remedy by appeal from the order attacked.

On motion to quash: On consideration of the application herein, the sufficiency of the petition to warrant the issuance of the alternative writ was determined; whether or not the relator is entitled to a peremptory writ will depend upon our determination of the questions presented on the merits.

On motion to dismiss: This court has held that the only appeals permissible in probate matters are those provided for in what is now subdivision 3 of section 9731, Revised Codes 1921, and that, as there is no mention in the statute of an appeal from an order refusing to vacate a decree of settlement of final account and distribution of an estate, no appeal lies

from such an order; that the provision for an appeal from an order made after judgment does not apply to probate proceedings (*In re Kelly's Estate,* 31 Mont. 356, 78 Pac. 579, 79 Pac. 244); as a corollary it would seem that no appeal lies from an order vacating such a decree, or a part thereof.

However, we need not here determine the question presented on the ground that no appeal lies. Assuming that an appeal might lie from such an order under certain circumstances, the "supervisory writ," evolved by this court as a necessary consequence of the provision of the Constitution granting to it "general supervisory control over all inferior courts" (sec. 2, Art. VIII), and of section 8882 of the Revised Codes of 1921, declaring that, in the exercise of granted jurisdiction, if the course of proceeding be not specifically pointed out, any suitable mode of proceeding may be adopted which may appear most conformable to the spirit of the Code, in the absence of any legislative pronouncement on the subject, is employed to correct error within jurisdiction, independent of either the appellate or original jurisdiction declared in Article VIII of the Constitution, and is not to be confused with the original writs therein authorized to be issued by this court. (*State ex rel. Whiteside* v. *District Court,* 24 Mont. 539, 63 Pac. 395.) Neither the Constitution nor the Codes restrict the right of this court to issue such a writ; it is in the nature of a summary appeal—a shortcut—to control the course of litigation in the trial court when necessary to prevent a miscarriage of justice (*State ex rel. Finley* v. *District Court,* 99 Mont. 200, 43 Pac. (2d) 682), and may be employed to prevent extended and needless litigation. While, ordinarily, the writ will not be issued when the right of appeal exists, as it is to be used sparingly, the fact that an appeal is available is not conclusive against the writ. (*State ex rel. Jerry* v. *District Court,* 57 Mont. 328, 188 Pac. 365; *State ex rel. Odenwald* v. *District Court,* 98 Mont. 1, 38 Pac. (2d) 269; *State ex rel. Gold Creek Min. Co.* v. *District Court,* 99 Mont. 33, 43 Pac. (2d) 249.)

Here, Judge T. E. Downey, one of the judges of the second judicial district, by order designated a "judgment," awarded relator, in addition to the statutory fees as executor, $17,383.02 as for "extraordinary services," and ordered the same paid. Two months later Judge Frank L. Riley, the other judge of the district, on motion of Thelma W. Clark, executrix and residuary legatee, annulled the order, and it is shown that action has been instituted in California for the recovery of that amount from Regis. Such action, in a foreign jurisdiction, will complicate and delay the settlement of the estate. The showing is sufficient to move the discretion of this court to the end that neither the award to the executor nor the estate shall be wasted by needless litigation. (*State ex rel. Mannix* v. *District Court,* 51 Mont. 310, 152 Pac. 753; see, also, *State ex rel. Smith* v. *Superior Court,* 26 Wash. 278, 66 Pac. 385.) The motion to dismiss is overruled.

Counsel for relator contends that Judge Riley acted in excess of, or without, jurisdiction because Mrs. Clark's motion in the district court was to correct the decree of settlement of final account on the ground of inadvertence or fraud, under the provisions of section 10303, Revised Codes of 1921, whereas the allowance of the extraordinary fees is not mentioned in that decree but is contained in the separate order or judgment. While, on the record, counsel's position is technically correct, the so-called "judgment" awarding the fees for extraordinary services must be considered as a part of, and read into, the decree of settlement of the final account of the executors, for the following reasons:

While the statute (sec. 10287, Rev. Codes 1921) provides for allowance of executor's fees and for further allowance for extraordinary services performed, there is no statutory provision for a special order with respect to such fees; it is but one of the expenses of administration to be reported to the court and taken into consideration in the settlement of the final account. On the hearing for such settlement, the executor must present, under oath, all matters, not theretofore included in a

report, to the court, and which affect the condition of the estate. (Sec. 10288, Id.) Clearly, therefore, the matter of this allowance, made on the same day, was called to the attention of the court and considered in arriving at the amount remaining in the estate and subject to distribution, as carried forward into the decree of settlement. The order of allowance falls into the same category as other "vouchers" then presented and used in making up the statement of "full amount expended $325,306.42," found in the decree of settlement. In contesting any of the items making up that amount, for "inadvertence or fraud" in securing the approval of the court for the payment of such item, the attack would properly be launched against the final judgment or decree approving the payment, rather than against the intermediate order approving the claim and ordering or permitting its payment. Indeed, it was early said by this court that such fees as are here considered "shall be ascertained, allowed, and paid only upon his final accounting and settlement" (*In re Dewar's Estate*, 10 Mont. 426, 25 Pac. 1026, 1029), and, consequently, such an allowance enters into and becomes a part of the decree of settlement even though not specifically mentioned therein. In order to reach the alleged vice of the allowance made Regis, the motion was properly directed against the decree of settlement of the final account under the authority of section 10303, Revised Codes of 1921. (*State ex rel. Brophy* v. *District Court*, 95 Mont. 479, 27 Pac. (2d) 509.)

If the allowance made was the result of inadvertence on the part of the court, or was induced by fraud, it may be reached in the exercise of supervisory control, otherwise only by appeal. (*State ex rel. Brophy* v. *District Court*, 97 Mont. 83, 33 Pac. (2d) 266, 269.)

While the motion to set aside that portion of the decree of settlement awarding the extraordinary compensation follows the statute (sec. 10303, above), by basing the attack on the ground of inadvertence or fraud, it is alleged therein that Thelma W. Clark had no knowledge, notice or information that

application would be made for the additional fees, and that Regis and the attorney for the executors so drafted the notices which were sent to her in New York that she would not know of such application. In her affidavit in support of her motion, Mrs. Clark swore that she was advised that it was not necessary for her to be in Montana at the time of the hearing on May 20, and that, without notice of such application, she had no reason to believe that the protection of her interests would necessitate her presence.

After a hearing on the motion to strike, the court did not, in terms, find that either inadvertence or fraud was shown, but vacated the allowance on the ground that Mrs. Clark had no notice of the application for this additional allowance or the hearing thereon. However, the decision is, in effect, a declaration that the allowance was "inadvertently" made. " 'Inadvertence' means a want of care, inattention, carelessness, negligence, oversight" (*State ex rel. Brophy* v. *District Court*, supra), and "an order for the payment of money, by which the property of the heirs * * * is to be taken from them, cannot be made without notice and an opportunity to them to be heard" (*In re Sullivan's Estate*, 36 Wash. 217, 78 Pac. 945, 947) ; therefore, if in fact no sufficient notice was given Mrs. Clark, yet the court made the order, it must be that the court overlooked that fact through "inadvertence."

As to "notice," let us see what the record discloses. With ▇ the knowledge of Mrs. Clark there was prepared at Los Angeles, California, between the first and third days of May, 1935, a petition requesting the court to "fix, determine and order paid, statutory executors' fees herein," signed by the attorney for the executors and verified by executor Regis, and a "request" that the court fix "reasonable executors' fees and a reasonable attorney's fee," which request was signed by Regis and Thelma W. Clark. Evidently, also, a petition for the settlement of the final account of the executor and executrix was prepared. At that time Regis prepared a lengthy petition to the court to allow him additional compensation as ex-

ecutor for extraordinary services; this clearly without the knowledge of Mrs. Clark.

The scene shifts then to Butte, Montana, where the petition for allowance of the statutory fees of the executors was presented to Judge Downey, who, on May 6, made an order allowing such fees forthwith, which order was filed in the Clark Estate matter on May 7. On May 8, Judge Downey made and filed an order setting Regis' "petition for compensation herein" for hearing on May 20, and also set for hearing on that day the final account of the executors and various matters to be disposed of on final settlement and distribution of the estate, though the record contains no formal order other than that respecting the Regis petition. No order was made as to how notice of these matters should be given. A notice that Regis' "petition for compensation herein" would be heard on May 20, "at which time * * * any person interested in the said estate may appear and file his exceptions in writing * * * and contest the same," was posted in three public places in Butte, to-wit, at the courthouse, the county jail and the city hall. There was also sent to Thelma W. Clark, in New York, notice that "there are set for hearing" on May 20, the "following petitions, reports and hearings * * * : 1. Settlement of the first and final account of the execution. 2. Petition for final distribution of the estate. * * * 8. Petition for an order fixing executors' fees and compensation and authorizing the payment thereof. 9. Petition for an order fixing reasonable attorney's fees and authorizing the payment thereof. * * * " This notice was signed by the attorney for the executors and dated May 7. Mrs. Clark acknowledged service on May 11, and the notice was filed on May 20.

It will be noted that the reference to executors' fees and compensation is in the plural, and does not mention additional compensation for extraordinary services; further, that the notice is as to but one petition for an order with reference to executors' fees. Judge Downey had already, without notice, made an order fixing the usual or statutory fees for the execu-

82

tors jointly, the legality of which order is not attacked here; the only petition left for hearing was that of Regis alone.

The most careful study of the notice personally served upon Thelma W. Clark would not advise her of the actual situation, but merely that a petition for the allowance of fees to the joint executors, of which she had knowledge and which she desired to have allowed, would be heard. With the notice there was sent to Mrs. Clark merely the "request" by the executor that the court fix the executors' fees, and with respect to this matter Mrs. Clark stated in her affidavit in support of her motion to strike, that she did not ask to see the "petition" mentioned in item 8, above, "because she assumed that it referred to the statutory executors' fee, inasmuch as said notice made no mention of extraordinary services or fees, nor had any claim for such fees ever been made prior thereto." This was a reasonable assumption; Mrs. Clark was justified in assuming that the notice had reference only to such petitions as had been called to her attention and that "item 8" dealt with the petition or request which had been brought to her attention and in which she joined. No excuse is offered for the failure to advise Mrs. Clark, either as an executrix or an heir, of the petition for an allowance for extraordinary services in addition to the statutory fee allowed to the executors jointly.

The only notice which can be said to have been given Mrs. Clark is the constructive notice given by posting in Butte while she was known to be in Washington, D. C., and even that notice did not carry the advice that Regis was asking for a fee in addition to that he had received under statutory authority. The statutory fee having been allowed without notice, anyone interested in the estate and to whose attention the posted notice was called, would reasonably presume the notice had reference to the petition for the allowance of the statutory fees of "executors."

There being no provision concerning notice of the application for allowance of executors' fees, other than the notice of settlement of final account and for distribution of the estate,

the notice required as to such hearings might be sufficient in ordinary cases, or as to the application for allowance of the statutory fees (*State ex rel. O'Neil* v. *District Court*, 96 Mont. 393, 30 Pac. (2d) 815), but, even so, the posted notice here shown would not meet the requirement in the instant case, as in each instance the statute provides that notice "must be given by posting or publication, as the court or judge may direct." (Secs. 10300, 10330, Rev. Codes 1921.) Here, it will be recalled, the court or judge did not direct the posting of the notice, and it was not, therefore, done to the exclusion of the requirement of publication.

Further, it is clear that the allowance and payment of the item here considered were subsequent to the filing of the final account, and, on order of distribution, such disbursement must be "reported and filed" at the time of making the distribution, and the "settlement thereof * * * must be made by the court * * * and included in the order; or the court or judge may order notice of the settlement of such supplemental account," etc. (Sec. 10327, Rev. Codes 1921.)

Certain it is that, with the party interested known to be in New York, the purpose of the notice, i. e., to give interested parties the opportunity to be present and object to the allowance, if they desired to do so, was not fulfilled by the posting of notice in the city of Butte. It would seem that, in the absence of statutory authority to the contrary, the only notice which would suffice as accomplishing the purpose of notice in such a case as this would be actual notice brought home to the interested party. While no case directly in point has been brought to our attention, the decisions in the following cases indicate that such should be the rule in such a situation as this: *In re Jennings' Estate*, 74 Mont. 468, 241 Pac. 655, 658; *In re Culver's Estate*, 91 Mont. 475, 8 Pac. (2d) 662.

The situation here is somewhat analogous to that in the *Jennings' Estate Case,* wherein the administrator, having filed his final account on which a hearing was had, filed a "supplemental final account" and prayed for the allowance of his

compensation and attorney's fees. The court said: "Where an administrator, in rendering his account, asks that his fees and those of his attorney be fixed, notice of the hearing of the account is sufficient to comprehend the subjects covered by the account; all will be deemed included in the notice," but held that, as the application was not included in the account, an order fixing fees was without notice, and, therefore, "erroneous." Here it is apparent that the application for the allowance of additional and extraordinary fees to the executor was not included in the account filed; it was made by an independent petition, and, on the showing made, it cannot be said that any step taken toward the settlement of the estate, aside from that petition, contained advice that the executor was asking the court to allow him compensation in addition to the statutory fee. Further, in making the statement it did, this court was dealing with the fact situation then before it, and its declaration is to be viewed in the light of the case presented to it; there the court was dealing with the matter of ordinary statutory fees, and its statement is not to be taken as a determination as to what notice should be given on application for extraordinary compensation.

In the *Culver Estate* matter, above referred to, the court considered the notice necessary on application of a discharged attorney for an allowance prior to the settlement of the estate. This court there declared that notice of such application by posting in three public places *and* personal service of a copy of the petition on the administratrix would suffice, but it is not even intimated that the posting alone would have been sufficient as to the resident interested party. Here it is conceded that Thelma W. Clark was not within the state of Montana at any time during the proceedings.

However, the relator further contends that, regardless of whether or not the notice given was sufficient, the recitation in the "judgment" that "due and legal notice of the hearing has been given according to law" forecloses consideration of the question. Assuming for the moment that the order

allowing additional compensation, heretofore declared to be a part of the settlement of the final account of the executor, is a judgment, the recital therein does not have the effect for which relator contends. The purpose of the notice, like that of publication or service of summons, "is to confer jurisdiction by bringing the parties into court. The summons or process for bringing parties into court forms a part of the judgment roll. It is that which authorizes the court to act. It is an essential part of the proceedings leading up to the judgment. Now, the recitals in a judgment do not import absolute verity if they contradict and stultify the record and proceedings upon which the judgment stands, and by which it was obtained. * * * If the record of the proceedings by which the judgment was obtained was silent, then everything necessary to the validity of the judgment and its verity would be conclusively presumed; but no such presumptions arise when the record of the proceedings shows affirmatively that the recitals contained in the judgment are untrue." (*In re Estate of Charlebois*, 6 Mont. 373, 12 Pac. 775, 777; see, also, *Lamont* v. *Vinger*, 61 Mont. 530, 202 Pac. 769; *Roche Valley Land Co.* v. *Barth*, 67 Mont. 353, 215 Pac. 654; *Montgomery* v. *Gilbert*, (C. C. A., 9th Circuit) 77 Fed. (2d) 39; *Houghton* v. *Tibbets*, 126 Cal. 57, 58 Pac. 318; 34 C. J. 503.)

The petition and showing made brought relator's motion within the provisions of section 10303, above, relating to the setting aside of the decree of settlement of final account, or a part thereof, for "inadvertence," and justified the court in finding that Thelma W. Clark had not been legally notified of the application for compensation for extraordinary services, a fact inadvertently overlooked by the judge making the allowance.

The issuance of a peremptory writ is denied and the proceeding dismissed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.