In re AUGESTAD'S ESTATE. AUGESTAD ET AL., RESPONDENTS, v. AUGESTAD, APPELLANT.

(No. 7,864.)

(Submitted February 16, 1939. Decided February 27, 1939.)

[88 Pac. (2d) 32.]

620

Cause submitted on briefs of counsel.

*Mr. S. J. Rigney,* and *Mary Downey Wall* of the Bar of Milwaukee, Wisconsin, for Appellant.

*Mr. Horace W. Judson,* for Respondent.

MR. JUSTICE STEWART delivered the opinion of the court.

Ole Christian Augestad, a resident of Glacier county, died on July 18, 1937. One S. J. Rigney filed a petition for the probate of an alleged holographic will. The petition prayed for the probate of the will and for the appointment of the public administrator of Glacier county as administrator of the estate with the will annexed. Time for hearing the petition was fixed, and thereafter a son and daughter of decedent filed what they designated as a demurrer to the petition, on the ground that the petition did not state facts sufficient to show the petitioner entitled to any relief or to have the purported will admitted to probate, and that it showed upon its face that it is not in fact a will and not intended by decedent to be such. The court sustained the demurrer and ordered that the probate of the purported will be dismissed. Petitioner has appealed to this court.

The matter of contesting probate of wills is controlled by sections 10032 et seq., Revised Codes. Section 10032 provides for the appearance of any one who desires to contest a will, and outlines the procedure to be followed, which is that written

grounds of opposition to the petition for probate must be served and filed; that any interested parties may demur to the written grounds and, if the demurrer is sustained, the court must allow further time in which the opponents may amend their grounds of opposition; that finally an answer to the opposition shall be filed, and that the matter proceed to trial as outlined in the sections.

The statute must be followed strictly. There is no provision in the statute for a demurrer to the petition for probate. It was the duty of the court to hear the petition on its merits. The right of the petitioner to file and urge the petition and the sufficiency thereof were part of the merits which should have been passed upon after objections were filed and issues were joined. In this instance, the ruling on the demurrer amounted to a refusal of the court to hear the petition. The action of the court was similar to that condemned by this court in *State ex rel. Peel* v. *District Court,* 59 Mont. 505, 197 Pac. 741, where the court struck out an application for letters of administration without hearing the same. There the court said: " 'Refusal to take jurisdiction, or after having acquired jurisdiction refusal to proceed in its regular exercise or the erroneous determination of a preliminary question of law, upon which the court refused to examine the merits will be corrected by mandamus.' " It is obvious under the authority last cited, and under the authority of *State ex rel. Brophy* v. *District Court,* 95 Mont. 479, 27 Pac. (2d) 509; *State ex rel. Regis* v. *District Court,* 102 Mont. 74, 55 Pac. (2d) 1295, and *State ex rel. O'Neil* v. *District Court,* 96 Mont. 293, 30 Pac. (2d) 815, that the court should have proceeded to hear the petition for the probate of the alleged will, and that there was no authority for the filing or the consideration of the demurrer.

Respondents have filed a motion to dismiss the appeal on the ground that the order sustaining the demurrer to the petition was not an appealable order. While, as we have suggested, the court proceeded erroneously and it was and is its plain duty to finally hear the petition on the merits, nevertheless it is obvious that the order is not an appealable one. That

matter has been disposed of by this court on several occasions. In the case of *Pentz* v. *Corscadden*, 49 Mont. 581, 144 Pac. 157, this court dismissed such an attempted appeal in a summary manner.

The grounds for appeal to this court are enumerated in section 9731, Revised Codes. They do not include the right to appeal from such an order as this. (See *Hester* v. *Boston & Montana Corp.*, 84 Mont. 500, 277 Pac. 11, and *State ex rel. County of Musselshell* v. *District Court*, 89 Mont. 531, 300 Pac. 235, 82 A. L. R. 1158.)

Appellant argues that because the order sustaining the demurrer also dismissed the petition it is a final order from which an appeal may be taken. In the case of *State ex rel. County of Musselshell* v. *District Court*, supra, this court in considering an order of similar effect said: "It is clear that no appeal would lie from the order made, as it is neither a judgment nor an appealable order (secs. 9729 and 9731, Rev. Codes 1921); nor would it have been appealable had it contained a positive direction that the proceeding be dismissed."

Much of the argument in the briefs is devoted to the sufficiency of the letter as a will. This matter obviously is not properly before use and we make no finding on that point.

It is therefore obvious that while, as said in the *Peel Case*, supra, it was the duty of the court to proceed to hear the petition in the statutory manner, nevertheless the remedy sought here is not proper. The motion to dismiss the appeal is granted.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ANGSTMAN and ERICKSON concur.