## ALTON EUGENE WALKER,
## Petitioner,
## v.
## THE HONORABLE MAURICE R. COLBERG,
## Respondent.

No. 91-427.
Oct. 29, 1991.
48 St.Rep. 971.
250 Mont. 382
822 P.2d 83..

### ORDER

On September 4, 1991, petitioner, Alton Eugene Walker, filed with this Court a petition for writ of mandamus requesting that this Court issue an order directing the Honorable Maurice R. Colberg, District Judge, to issue an order granting petitioner copies of all transcripts, minutes and documents in a matter currently pending in Judge Colberg's court in Yellowstone County.

Petitioner alleges that he filed a motion with Judge Colberg on

July 26, 1991, and on August 7, 1991, after waiting over 90 days for a ruling on said motion, he wrote a letter to the Clerk of the Court of the Thirteenth Judicial District requesting information as to the status of the motion, copies of the letter were sent to Judge Colberg and to the Honorable William J. Speare, Chief Judge of the Thirteenth Judicial District. Petitioner's letter was answered by the Clerk of the District Court noting that Judge Colberg was out of town for a week. Petitioner now alleges that it has been over 60 days since he first filed his motion for transcript, and over 20 days since he wrote requesting information as to the status of his motion, and over ten days since Judge Colberg returned to the bench and he has received no answer. He states that the only issue is whether Judge Colberg should grant his motion for transcripts and issuing an order directing the Clerk of the Thirteenth Judicial District to prepare and transmit all copies of the transcript, minutes and documents related to District Court cause No. DC-88-223.

In response to this matter, this Court on September 5, 1991, ordered a response from the County Attorney of Yellowstone County and a response from the Attorney General concerning petitioner's motion.

The Attorney General, on behalf of Judge Colberg, moved in its response to this Court that this matter be dismissed "[o]n the grounds that the petitioner has failed to state a claim upon which relief can be granted. More particularly, petitioner Walker has failed to give any reason why this Court should interfere in a matter currently pending before the District Court of the Thirteenth Judicial District."

Such writ of mandamus "will only issue where there has been a showing that a clear legal duty exists and there is no speedy or adequate remedy in the ordinary course of law." *State ex rel. Intake Water Co. v. Board of Natural Resources and Conservation* (1982), 197 Mont. 482, 487, 645 P.2d 383, 386, *cert. denied*, 459 U.S. 969 (1982).

As the State's response notes:

"Further, with respect to judicial officers, mandamus does not lie to compel a discretionary action (*State ex rel. Werner v. District Court of the First Judicial District*, 142 Mont. 145, 153, 382 P.2d 824, 829, (1963)), but only to compel performance of an affirmative

duty, such as one specifically imposed by statute. *State ex rel. Brophy v. District Court of the Second Judicial District,* 95 Mont. 479, 483, 27 P.2d 509, 510 (1933). Pursuant to Rule 17(a), Mont.R.App.P., the institution of original proceedings in this Court may be justified under circumstances where appeal would be inadequate or where supervision of the trial court is deemed necessary or proper. Here, any final decision by the district court on Walker's petition for post-conviction relief is appealable to this Court under § 46-21-203, MCA. Further, supervision of the trial court is neither necessary nor proper because the motion to dismiss is currently pending before the district court.

IT IS ORDERED that the writ of mandamus requested is DENIED.

The Clerk is directed to mail a true copy hereof to the County Attorney of Yellowstone County, to the Attorney General of the State of Montana, to the Honorable Maurice R. Colberg, District Judge, and to the petitioner, personally.

DATED this 29th day of October, 1991.

s/ J.A. TURNAGE, Chief Justice
s/ JOHN CONWAY HARRISON, Justice
s/ TERRY TRIEWEILER, Justice
s/ WILLIAM E. HUNT SR., Justice
s/ R.C. McDONOUGH, Justice
s/ KARLA M. GRAY, Justice
s/ FRED J. WEBER, Justice