RYAN, respondent, *v.* KINNEY, appellant.

PRACTICE — *sufficiency of pleading.* In a suit on an administrator's bond the averment that the probate court of the proper county had found assets in the hands of such administrator belonging to an estate, and had made an order for payment of a certain sum to a particular creditor of said estate coupled with a refusal of the administrator to pay such creditor according to order, is sufficient to show a breach of condition of the bond, and to maintain an action therefor.

PROBATE COURT — *jurisdiction* — *remedy* — *collateral proceedings.* The jurisdiction of probate courts over the distribution of the estates of deceased persons is exclusive, and all orders and decrees relating thereto are final and binding upon all parties to the same. The only remedy is by appeal as provided by statute. Such orders and judgments cannot be impeached in any collateral proceedings except for fraud.

*Appeal from First District, Madison County.*

S. WORD, for appellant.

J. G. SPRATT, for respondent.

WADE, C. J. This is an action by a creditor of the estate of John S. Rockfellow, upon the administrator's bond, for a breach of the conditions thereof. The complaint alleges the execution of the bond, the receipt of assets by the administrator, the order and adjudication of the probate court that he pay to Stevens and Ryan the sum of $2,367.83, the assignment of Stevens to Ryan of his interest therein prior to the date of the order; that Ryan, as the owner of such claim and creditor of the estate, is entitled to receive the amount thereof from the administrator; the demand upon the administrator to pay, and his neglect and refusal so to do.

There was a demurrer to the complaint, which was overruled, and judgment was rendered for plaintiff upon the proof.

The defendants insist that the demurrer should have been sustained, and contend that the complaint shows no breach of the bond ; that it does not show that the demand of plaintiff had been proved to and duly allowed by the probate court, and that it does not show the whole amount of the assets of the estate, nor that plaintiff was entitled to receive the amount that he claims on a distribution thereof.

The statute defining the duties of the probate court and administrator upon the rendition of an account, provides :   " At every settlement the court shall ascertain the amount of money of the estate which has come to the hands of such executor or administrator from all sources, and the amount of debts against the estate, and if there be not sufficient to pay the whole of the debts and expenses of administration, the money remaining, after paying the expenses of administration, shall be apportioned among the creditors according to this act; and the court shall order such executor or administrator to pay the claims allowed by the court according to such apportionment, reserving apportionments made on claims which remain undecided until decision be had thereon."   Cod. Sts. 356, § 227.

This statute contemplates an adjudication by the probate court, wherein shall be ascertained the number of creditors, the amount, nature and priorities of their respective claims, the assets belonging to the estate subject to distribution, and an order upon the administrator to pay the same to the persons adjudged entitled to receive under the order and findings of court.   From such an adjudication the statute provides (Cod. Sts. 367, § 283) for an appeal to the district court.   After such an adjudication by the probate court, the amount of assets belonging to the estate, who are creditors thereof, the nature and amount of their claims, and what each is entitled to receive under the order, cannot be inquired into in a collateral proceeding.   The remedy for any one feeling aggrieved by the adjudication and order is by appeal.

The averment of the complaint, after showing that the administrator received assets belonging to the estate, is, " that on the 16th day of December, A. D. 1873, the probate court of Mad-

ison county found in the hands of said Kinney the sum of $2,367.83, which he, the said Kinney, as such administrator, was adjudged and ordered to pay over to Stevens and Ryan, according to law." This averment shows that there had been a hearing by the court, wherein was ascertained the amount of the debts, the number of the creditors, and the assets applicable thereto; and wherein it was further found and adjudged that the administrator held in his hands belonging to the plaintiff the sum of $2,367.83, which he was ordered to pay to him, and his failure so to do upon demand was a breach of the condition of his bond as administrator.

This hearing, finding and order of the probate court were an adjudication, a judgment or decree. And whether such findings and adjudication were correct or incorrect; whether the plaintiff was a creditor of the estate; whether his claim had been approved and allowed for more than he was entitled to, or whether there was any irregularity in the adjudication, cannot be inquired into in a collateral proceeding. The remedy given by the statute for a review of all these matters is by appeal to the district court, and until reversed or modified the order and judgment of the probate court are final, it having jurisdiction of the subject-matter and of the parties.

In *Lawrence* v. *Englesby,* 24 Vt. 42, the court say, "that the decrees of the probate court are conclusive, when acting within its jurisdiction, upon all persons." In that case the defendant had been appointed administrator of an estate by the probate court, and no appeal had been taken from the order making his appointment, and the supreme court held that they could not, in a collateral way, review the correctness or propriety of a decree of a court of probate acting within its jurisdiction. Whether the defendant was a proper person to be appointed administrator, and whether a request by only part of the next of kin was sufficient to warrant the grant of letters, were questions properly arising before the probate court, and if petitioner felt aggrieved he should have appealed. Bigelow on Estop. 159.

In *Loring* v. *Steineman,* 1 Metc. 204, SHAW, C. J., says: "These circumstances were, that the decree was made upon motion and representation of the administrator himself, without the application of any party in interest; that no notice was given,

and that no proof of the facts of the existence or death of the collateral relations of the deceased intestate was laid before the probate court. It rather appears to have been a decree *pro forma,* taken for the purpose of bringing the case before this court by appeal." * * * "We can entertain no doubt that the judgment of the probate court, duly made after such notice as the statute requires, or, if no notice is required, then after such notice as the court in its discretion, acting upon the circumstances of the case, may think proper to order, must be deemed in its nature so far conclusive as to protect an administrator acting in good faith in conforming to it. The distribution of an intestate estate is within the peculiar and exclusive jurisdiction of the probate court, exercising in this respect the jurisdiction of the ecclesiastical courts. The administrator is compellable to submit to it. It is part of the obligation of the bond which he is by law bound to give on taking administration, to distribute the residue of the estate as the court of probate shall order. A refusal to pay a distributive share on demand is *ipso facto* a breach of the bond, and a distributee, after demand of payment and refusal, may forthwith bring an action on the probate bond for his own benefit without any permission or authority of the judge. In such action on the bond a decree of distribution not appealed from is conclusive of the right of the distributee, and its validity cannot be drawn in question by any pleading or proof."

The order of the probate court on the administrator, to pay the plaintiff, made after full hearing and adjudication of the estate, and not being appealed from, remains in full force. It imports absolute verity, gives the plaintiff the right to maintain this action, and its validity cannot be questioned by any pleading or proof on the part of the defendants, unless they can show that the order was obtained by fraud, and this is not alleged. *Homer v. Fish,* 1 Pick. 435.

*Judgment affirmed.*

BLAKE, J., having been of counsel in the court below, did not participate.