STATE EX REL. KELLY, RELATRIX, *v.* DISTRICT COURT
OF THE SECOND JUDICIAL DISTRICT
ET AL., RESPONDENTS.

(No. 1,565.)

(Submitted January 18, 1901.  Decided January 30, 1901.)

*Executors   and   Administrators—Final   Account—Attorney's
Fee—Order of Court—Certiorari—Record.*

1.  Where an administrator refuses to pay an attorney for the estate, and
    does not agree to abide by a  finding of the court as to the amount due the
    attorney, the district court has no authority, on objections to the admin-
    istrators final account by the attorney, to in any wise order the ad-
    ministrator to include any sum of money in his accounts as due to
    such attorney, or to set apart any sum from the funds of the estate for the
    use of such attorney, and to amend his final account by including such al-
    lowance in it, since the employment and payment of counsel is a personal
    matter between the administrator and the attorney.
2.  Where a writ of review is taken to an order of the district court, which
    afterwards amends the order, and the original order and the amendment
    are both in the record before the Supreme Court without objection on the
    part of the respondent, the several orders may be considered together.

WRIT OF REVIEW on  the relation of Mary Ellen Kelly against
the Second Judicial District Court of the State of Montana, in
and for the County of Silver Bow, and the Honorable John
Lindsay, Judge, to review an order in probate.   Order annulled.

*Mr. Lewis P. Forestell,* for Relatrix.

*Mr. A. Laist,* for Respondents.

MR. JUSTICE MILBURN delivered the opinion of the
Court.

This cause comes before the Court upon a writ of review is-
sued upon the petition of the relatrix.  The facts seem to be these:
Relatrix is the widow and heir at law and a legatee of the tes-
tate, and guardian of Hala Claire Kelly, a minor heir; as ad-
ministratrix with will annexed, she filed a certain account in

the district court, and due notice of the hearing thereof was given by posting. Thompson Campbell filed certain objections to the allowance and settlement of the account, alleging that there was due him the sum of $2,700, balance for attorney's fees for services rendered by him as counsel for the administratrix, which sum said administratrix had failed and refused to pay. Citation was prayed for and issued, requiring the relatrix, individually and as administratrix, and as guardian of the minor heir, to appear and show cause why an order of the court should not be made, directing her to pay the said sum of $2,700. The citation was only served by copy delivered to Messrs. Donlan & Forestell, described in said citation as "her attorneys." Lewis P. Forestell, as attorney, made a special appearance for the said administratrix, and as such only, and moved to dismiss and strike from the files the said petition of said Thompson Campbell for attorney's fees, and his objections to the settlement of said account. This motion was denied, and exception taken by the relatrix. No appearance was made in any wise for the heirs, legatees, or any of them, or for said guardian. No further part in said matter was taken by said administratrix, by attorney or otherwise. Immediately following said denial of said motion the court, on June 2, 1900, took testimony in support of said petition; and after considering said evidence it made the following order:

"It is ordered, adjudged and decreed that the motion of said Mary Ellen Kelly, administratrix as aforesaid, to strike from the files herein the said objections and petition of said Thompson Campbell, be, and the same is hereby, overruled; that said Thompson Campbell be allowed out of the funds of said estate of J. F. Kelly, deceased, for services rendered as attorney for the administratrix thereof and for the benefit of said estate, the sum of five thousand ($5,000) dollars, a reasonable fee therefor, and that the same be taxed and allowed as costs of administration; and that he be paid forthwith said sum of five thousand ($5,000) dollars, less two thousand three hundred ($2,300) dollars heretofore paid, leaving a balance of two thousand

seven hundred ($2,700) dollars; that said Mary Ellen Kelly, administratrix as aforesaid, amend said final account by including among the unpaid costs of administration of said estate an item of two thousand seven hundred ($2,700) dollars due Thompson Campbell; and that she, said Mary Ellen Kelly, administratrix as aforesaid, pay to said Thompson Campbell forthwith out of the funds of said estate of John F. Kelly, deceased, the sum of two thousand seven hundred ($2,700) dollars."

The writ of review was issued June 12, and served upon respondent June 14, 1900; return was made June 22, 1900; on July 9, 1900, this court ordered a further return to be made to show an order of June 2, 1900, which order for further return was served on respondent on July 9, 1900. On July 14, 1900, respondent made a further return showing a minute entry and order of June 2, 1900, as follows:

"On the 2d day of June, A. D. 1900, an entry was made upon the minutes of said district court in said matter of the estate of J. F. Kelly, deceased, of which the following is a true and correct copy: 'This day, petition of Thompson Campbell, an attorney at law, petitioning that the court, before settling the account of the administratrix herein, allow said Campbell an attorney fee in the sum of five thousand dollars, coming on to be heard, together with the motion to quash said petition, the said motion is by the court overruled, and, after hearing testimony in support of said petition, and considering the same, the said administratrix is by the court ordered to pay out of the funds of said estate in her possession to said Thompson Campbell the sum of five thousand dollars, less such sum as has heretofore been paid by said administratrix to him; the said sum of five thousand dollars being by the court considered a reasonable compensation for the services performed by said Campbell as attorney herein' " The return also showed a minute entry of July 13, 1900, as follows:

"It appearing to the court that the journal entry in the above entitled matter, to be found in Journal Q, at page 417, is in-

accurate and incomplete, it is ordered that the same be amended by substitution for the whole thereof of the words and figures following, to-wit:

" 'This day, the final account of Mary Ellen Kelly, administratrix of the estate of John F. Kelly, deceased, together with the objections thereto of Thompson Campbell, and his petition for counsel fees, and the motion of said administratrix to strike said petition and objections from the files, were heard. After argument upon said motion the same was by the court denied, to which said ruling said Mary Ellen Kelly, as such administratrix, by her counsel duly excepted. Whereupon witnesses were examined in support of said petition and objections, in which said examination the said administratrix took no part; and at the conclusion of the testimony, and the account being submitted, it is ordered that said final account be settled upon being amended by including among the unpaid costs of administration of said estate an item of two thousand seven hundred ($2,700) dollars due said administratrix for said Thompson Campbell's attorney fee, and that she be allowed out of the funds of said estate of J. F. Kelly, deceased, for services rendered by said Thompson Campbell for said administratrix and for the benefit of said estate, the sum of five thousand ($5,000) dollars,—a reasonable fee therefor,—less two thousand three hundred ($2,300) dollars heretofore paid, leaving a balance of two thousand seven hundred ($2,700) dollars as aforesaid.' "

The relatrix, in her brief, submits twelve reasons why the order of the district court should be annulled. The principal points relied upon are the want of jurisdiction in the district court, or the judge thereof, to order the payment by the administratrix of a demand made by an attorney for services alleged to be rendered to the administratrix at her request in the matter of the settlement of the affairs of an estate; that a contract for such services is a private matter between the administratrix and her attorney, to be settled between them, and, if any amount be paid by such administratrix, it may be by her re-

ported in her account of expenses of administration for allowance to her. Counsel for relatrix further relies upon the allegation that no contract was made by and between the administratrix and her said attorney as to the amount to be paid for his alleged services, and that no agreement was made to the effect that he should receive such an amount as the court might fix.

This case has been submitted to this Court upon the theory that it is a proper case for a writ of review, and has been so treated by counsel for all parties; and we so consider it, without passing upon the question, not raised, whether or not appeal will lie from the order as amended. The language of the order as amended July 13, 1900, is not as clear as it might be; but we interpret it to mean that the district court on June 2, 1900, found $2,700 due to said Thompson Campbell, and ordered the administratrix to amend her final account, and to divert said sum of money from the funds of the estate and hold it for the use of said Campbell, although there is no positive direction to pay it over to him. We consider the order void for the reason that the employment of counsel for the administratrix, and payment for the services of such counsel, was a matter of personal and private agreement between her and counsel, to be reported to the court as any other expense in course of administration, for the allowance or disallowance of the court. If the administratrix refused, as she did, to pay the said sum, or any sum, for counsel fees, and had not contracted with the counsel to abide by any finding of the court as to the amount, if any, to be paid counsel, then the court had no power to in any wise order her to include any sum of money in her accounts as due to such counsel, or to segregate and set apart any sum from the funds of the estate for the use of counsel, and to amend her final account by including such allowance in it. (Sections 2771, 2774, Code of Civil Procedure; 1 Woerner on The American Law of Administration (2d Ed.), Sec. 152; 2 Woerner on The American Law of Administration (2d Ed.), Sec-

356; *In re Ogier's Estate,* 101 Cal. 385, 35 Pac. 901; *In re Bullock's Estate,* 75 Cal. 419, 17 Pac. 541.)

Without passing upon the propriety or impropriety of the court's having made further records in the matter after service of the writ of review upon it, we are of the opinion that, the whole record being before us without objection on the part of the respondent, we may properly consider the several orders together; the last one, of July 13, 1900, to be considered as the only one now affecting the relatrix.

The district court's power when sitting in probate matters is derived from the statute, and it cannot go beyond the provisions of the statute. (*State ex rel. Shields* v. *Second Judicial Dist. Court,* 24 Mont. 1, 60 Pac. 489; *State ex rel. Bartlett* v. *Second Judicial Dist. Court,* 18 Mont. 481, 46 Pac. 259; *In re Higgins' Estate,* 15 Mont. 474, 39 Pac. 506.)

There is no power in the district court, or judge thereof, to make the order directing amendment of the final account as aforesaid. Therefore the said order of June 2, 1900, as amended July 13, 1900, is hereby annulled at the costs of the defendant.