In re SPRIGGS' ESTATE. SPRIGGS et al., Respondents,
*v.* SPRIGGS, Appellant.

(No. 5,205.)

(Submitted May 31, 1923. Decided June 30, 1923.,

[216 Pac. 1108.]

*Probate Courts—Jurisdiction—Heirship—Pleadings and Practice—Agreed Statement of Facts—Courts—Powers.*

Courts—Implied Jurisdiction—Limit of Doctrine.
 1.   While the doctrine of implied authority in courts to determine a matter where the proceeding is properly instituted should be liberally construed, their implied powers cannot be exercised until they have been properly invoked.
Probate Courts—Powers.
 2.   A district court, sitting as a court of probate, has only the powers which are expressly granted by statute or are necessarily implied from those expressly granted.
Same—Heirship—Proceeding not Civil Action.
 3.   Proceedings to determine heirship, while partaking in form of the nature of a civil action, are not such, and therefore the provisions of section 9872, Revised Codes of 1921, permitting parties to submit a civil action for determination by the district court upon an agreed statement of facts, have no application to such proceedings.
Same—Determination of Heirship—Submission on Agreed Statement of Facts—Lack of Jurisdiction.
 4.   *Held,* in view of the above rules and the provision of section 10324, Revised Codes, that a proceeding to determine heirship must be presented by petition, that where the parties without filing a petition submitted the cause on an agreed statement of facts, the court did not acquire jurisdiction and its judgment therein was a nullity.

[68 Mont. 92.]

*Appeal from First District Court, Lewis and Clark County;*
*W. H. Poorman, Judge.*

In the Matter of the Estate of Archibald E. Spriggs, Deceased. Submission of agreed statement of facts for construction of will between Jabez Spriggs, Isabelle Spriggs and Josephine Spriggs. From the judgment entered, the widow, Josephine Spriggs, appeals. Remanded, with directions to dismiss the proceedings.

*Messrs. Stewart & Brown,* for Appellant, submitted a brief; *Mr. S. V. Stewart* argued the cause orally.

*Mr. Joseph R. Wine,* for Respondent, submitted a brief and argued the cause orally.

MR. COMMISSIONER BENNETT prepared the opinion for the court.

In this case an attempt was made to submit to the district court for Lewis and Clark County, sitting in probate, on an agreed statement of facts under a stipulation pursuant to the provisions of section 9872, Revised Codes of 1921, for construction, the will of Archibald E. Spriggs, deceased, whose estate was then and is now in the process of probate before that court. By the terms of the stipulation the court was asked to enter a judgment under the provisions of section 10324 *et seq.,* which sections relate to the proceedings to determine heirship. No petition as contemplated by section 10324, *supra,* was filed, nor was any notice given as provided by that section. The parties to the stipulation were the widow and mother and father of decedent. From the judgment which was entered, the widow, Josephine Spriggs, appealed.

By the appeal this court is asked to construe the will so as to reach a conclusion contrary to that of the trial court. It seems to us that sufficient facts were not presented to the trial court to enable it to determine the testator's intention; we do not, however, deem it necessary to discuss the question,

for the reason that, as we view the situation, the trial court had no jurisdiction to determine the question because of the manner of its presentation.

While there is a tendency to enlarge the jurisdiction of the district court on its probate side we are of the opinion that this case is not such a one as will permit of our disregarding the plain rules which have been heretofore laid down by this court. [1] We feel that there should be a very liberal construction of the doctrine of implied authority where the proceedings are properly instituted, but that those implied powers cannot be exercised until they have been properly invoked.

The rule has been definitely established that a district court, [2] sitting as a court of probate, has only the powers which are expressly granted by statute or are necessarily implied from those expressly granted. (See *In re Stinger's Estate*, 61 Mont. 173, 201 Pac. 693, and cases there cited.)

In *State ex rel. Kelly* v. *District Court*, 25 Mont. 33, 63 Pac. 717, the court said: "The district court's power when sitting in probate matters is derived from the statute, and it cannot go beyond the provisions of the statute."

In speaking of the general jurisdiction of a district court this court in *Crawford* v. *Pierse*, 56 Mont. 371, 185 Pac. 315, said: "Though * * * it has jurisdiction, in a general sense, over all classes of cases, it can acquire jurisdiction of a particular civil case only by the filing of a written complaint. * * * "

This rule would be subject, of course, to the provisions of section 9872, Revised Codes of 1921. There it is provided: "Parties to a question in difference, which might be the subject of a civil action, may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which would have jurisdiction if an action had been brought. * * * "

It has been decided in California that proceedings to de- [3] termine heirship, "while partaking in form of the nature thereof, is not a civil action." (11 Cal. Jur. 234.) It is

evident that section 9872, *supra,* does not grant any power to a court exercising its probate jurisdiction. It is expressly pertinent to the civil powers of the court. Under the doctrine *"Expressio unius est exclusio alterius"* it cannot be invoked to give the court jurisdiction to determine a controversy submitted to it sitting in probate.

[4] The provisions of section 10324, Revised Codes of 1921, provide the method by which the court may acquire jurisdiction on the probate of the estate to make a decree *in rem* as to the ownership of the property which will be distributed by it. The same doctrine, *"Expressio unius est exclusio alterius,"* applies here, both as to the jurisdiction and the method of acquiring it.

The provisions of section 10365, do not give the authority to commence a proceeding in probate in the manner adopted in this instance for that statute expressly makes the provisions of sections 9008 to 9832 of the Code applicable, and therefore must be held to exclude the practice contemplated by section 9872.

As has been stated, no attempt was made to comply with the provisions of section 10324, *supra.* Under the rule of the case of *Crawford* v. *Pierse, supra,* the judgment entered was in our opinion a nullity, and cannot be made the basis of an appeal to this court.

We recommend that the cause be remanded to the district court, with directions to set aside the purported judgment, and to dismiss the proceedings.

PER CURIAM: For the reasons given in the foregoing opinion, the cause is remanded to the district court, with directions to set aside the purported judgment and to dismiss the proceedings.

*Remanded, with directions to dismiss.*