Between March, 1928, and January, 1931, respondent rendered legal services to Ellen Culver, as administratrix of the estate of Frank H. Culver, deceased, in the administration of the estate. On the nineteenth day of January, 1931, the services of respondent were dispensed with and another attorney was retained by the administratrix. On December 13, 1930, respondent filed his petition for the allowance of $1,575, attorney's fees, of which $850 had been paid. On the petition an order was made setting the same for hearing and directing that ten days' notice be given by personal service upon the administratrix. Within the time specified in the notice the administratrix filed an answer to the petition questioning the jurisdiction of the court. The court took the matter under advisement and subsequently made an order permitting respondent to file an amended and supplemental petition which is substantially the same as the original, save that it is alleged that respondent performed, in addition to the regular and customary services, certain extra and special services of the reasonable value of $424.76.
Upon the hearing appellant's objection to the consideration of the supplemental petition was denied and she filed her answer raising the questions hereafter considered. Thereafter a decree determining and allowing attorney's fees and directing payment of the same was made and entered for "the usual and ordinary administration of said estate" in the sum of $1,315, and for "extraordinary and special services" in the sum of $350. The administratrix appeals from this decree.
The questions presented for determination are thus stated by counsel: "1. In probate, upon an application by an attorney to fix and determine his fees, what notice is necessary *Page 478 
to clothe the court with jurisdiction to proceed? 2. Has the court jurisdiction to allow an attorney a fee based upon the same commissions as would accrue to the administrator prior to final accounting by the administrator? 3. Is there any substantial evidence to support the lower court's allowance of a fee for special services?"
1. The authority of the court to fix and allow respondent's[1] fee is found in section 9786, Revised Codes of 1921. (Inre McLure's Estate, 68 Mont. 556, 220 P. 527.) While neither this nor other provisions of our statutes provide for notice to those interested in the estate, where an attorney petitions the court for the allowance of his fees, as here, notice thereof must be given to those interested in the estate. (In re Jennings'Estate, 74 Mont. 468, 241 P. 655, 657.) Since, then, section 9786, supra, does not provide any method of procedure, or for notice, we must look to other sections of our Code as a guide in determining the procedure to be adopted by the court and the notice which should be required.
Section 8882, Revised Codes 1921, provides: "When jurisdiction[2] is, by the constitution or this code, or any other statute, conferred on a court or judicial officer, all the means necessary to carry into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this code or the statute, any suitable process or mode or method of proceeding may be adopted which may appear most conformable to the spirit of this code."
The record discloses that a copy of the supplemental petition was served upon appellant and her attorney and, in addition, notice of the time, place, and purpose of the hearing was posted in three public places in the county ten days before the day set for the hearing, pursuant to order of court, and in our opinion was sufficient to vest the court with jurisdiction to fix and allow respondent's fee. (In re Stevenson's Estate, 87 Mont. 486,289 P. 566; Daley v. Torrey, 71 Mont. 513,230 P. 782; State ex rel. Lewis Clark County v. District Court,90 Mont. 213, 300 P. 544.) *Page 479 
2. The record shows that for some time prior to the hearing[3, 4] the estate had been in a condition to be finally closed but that appellant refused to take the necessary steps to accomplish this purpose. It is her intention not to close the estate until her youngest son, who was seventeen years of age at the time of the hearing, becomes twenty-one years old. Respondent has rendered professional services to the estate and his services have been dispensed with. Our law does not provide that such a fee shall not be allowed until the estate is finally closed, and we can see no valid reason why he should not — when the estate is in a condition to be closed — upon the termination of his employment as attorney, be paid a reasonable fee for the services rendered. It would be unreasonable to say that he must wait until such time as appellant sees fit to close the estate or until she is required to do so by the court. (In re Kelley's Estate
(Foot v. Kelley), ante, p. 98, 5 P.2d 559.)
The computation of respondent's fee was based upon the inventories and appraisements of $43,691.70 and the further sum of $9,401.61, income and interest from the property of the estate, making a total of $53,093.31. Attorney fees computed under the rule of court which allows an attorney the same fees as the administratrix would be entitled to recover under section 10287, Revised Codes of 1921, would be $1,581.86.
The court allowed respondent $1,315, leaving the sum of $266 to meet any allowance for attorney's fees in closing the estate. The court knew the few remaining steps required to be taken to close the estate, and we cannot say the amount remaining after paying respondent's fee will be insufficient adequately to compensate the attorney of the administratrix for that service.
There is some argument that before the estate is closed there may be some depreciation in the value of the assets of the estate and for that reason respondent's fee should not be fixed until the estate is finally settled. As we have pointed out, for some period prior to the hearing upon respondent's amended petition the estate has been in condition to be *Page 480 
closed and there is not any substantial evidence in the record showing that the basis for computing attorney's fees was not the fair value of the estate accounted for by the administratrix. In view of these facts the court proceeded properly in the matter, although the court might properly have declined to allow payment of the entire fee until final settlement of the estate. (In reKelley's Estate (Foot v. Kelley), supra.)
3. Under the rules of the district court "in all usual probate[5] matters the attorneys will be allowed the same fees as administrators or executors, * * * and extra fees may be allowed in cases of unusual labor." Respondent was allowed $1,315, being the proportionate or fractional part of the services rendered by him in the usual and ordinary administration of the estate, based upon the amount of the estate accounted for by the administratrix, and $350 "for extraordinary and special services."
The extra services for which respondent claims additional compensation consist of three items. The first related to his efforts in procuring the satisfaction of a mortgage upon lands in which decedent owned an undivided one-half interest, although his deed was not of record at the time the mortgage was executed by the owner of the other interest. Respondent's services consisted of a number of conversations with the mortgagor, a threat to file suit, and an examination of the records of Fergus county.
There is also a claim for attending a hearing in the district court upon the petition of the Judith Basin Oil Company to require the administratrix to assign certain oil leases which stood in the name of decedent and in which the estate claimed no interest. In view of this fact there was no reason for any appearance upon the part of the administratrix and there is no justification for the allowance made respondent for this service.
The third item is for attending three meetings at Great Falls of the stockholders of the East Belt Coal Company, in which the estate was a stockholder. It is conceded by appellant that respondent is entitled to compensation of $75 for this service. *Page 481 
From the record it appears that the services rendered by respondent "in the usual and ordinary administration of the said estate" for which he was allowed $1,315 required a minimum of effort and time. The burden was on respondent to show the reasonableness of the fees claimed for extra services and that the allowance under the court rule did not provide adequate compensation for all services rendered the estate. This he failed to do. In our opinion, the allowance of $1,315, with the addition of $75 for attending the stockholders' meeting which we have adverted to, adequately compensates respondent for all services rendered.
"The court has a wide discretion in fixing the fees which should be paid to attorneys for their services in estate matters, dependent upon the character and value of the services; but, of course, this discretion must be employed within the rules prescribed by law." (In re Jennings' Estate, supra.)
All that an attorney is entitled to is reasonable compensation[6] for the services rendered, and where, as here, the fee allowed under the rule of court is sufficient adequately to compensate the attorney for all services rendered, additional allowance for extra service should be denied. While it is the duty of the court to see that an attorney secures fair and reasonable compensation for the services he has performed, it is likewise its duty not to allow fees in such sums as to constitute exorbitant charges against an estate.
It should be noted that when petitioner filed his petition for the allowance of his fees no request was made for extra compensation; it was not until he was discharged by the administratrix that he filed his amended petition requesting additional compensation.
For the reasons given the judgment is reversed and the cause remanded, with direction to modify the decree in accordance with the views herein stated. Appellant shall have her costs on appeal.
MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, ANGSTMAN and MATTHEWS concur. *Page 482