STATE ex rel. O'NEIL, Relator, v. DISTRICT COURT ET AL., Respondents.

(No. 7,248.)

(Submitted February 26, 1934. Decided March 19, 1934.)

[30 Pac. (2d) 815.]

*Messrs. McKenzie & McKenzie,* for Relator, submitted a brief; *Mr. John McKenzie, Jr.,* argued the cause orally.

*Mr. A. H. Gray* and *Mr. J. H. Corcoran,* for Respondents, submitted a brief; *Mr. Gray* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

Martha J. O'Neil died intestate in Cascade county, Montana, on February 11, 1932. She left an estate consisting entirely of real property. The heirs were her four children— M. L. O'Neil, Joseph O'Neil, Mary E. Cassady and Charles F. O'Neil. Mary E. Cassady, the daughter, was appointed administratrix on April 6, 1932.

On August 31, 1932, the district court of Cascade county, a respondent herein, made and entered a final decree distributing the property to the four children in equal parts. This decree will hereafter be called the original decree. On September 30, 1932, the administratrix, having made distribution, was discharged by proper order. Thereafter, on February 13, 1933, one A. J. Fousek, obtained a judgment in respondent court against M. L. O'Neil, one of the distributees. Writ of execution was issued thereon and levy duly made against his interest in the real property. On March 21, 1933, the sheriff of Cascade county by virtue of the writ of execution sold the interest of M. L. O'Neil. Fousek became the purchaser and received a sheriff's certificate.

On February 27, 1932, Joseph O'Neil, one of the distributees, and the relator herein, filed a petition with the respondent court seeking to have the original decree modified and annulled and a new decree entered. In this petition he alleged error in

distribution, and his surprise, lack of knowledge and information as to the contents of the decree. He alleged, by means of his verified petition and the accompanying affidavit of M. L. O'Neil, that, prior to the death of the deceased mother, M. L. O'Neil had received and accepted certain property from her as an advancement in full of his share of her estate, and that it was at that time mutually agreed that M. L. O'Neil should receive no more in property or money from her estate. Upon that state of facts he urged that the original decree of distribution was erroneous in distributing a one-fourth interest in the property of the estate to M. L. O'Neil.

On March 22, 1933, in accordance with the petition, the court made and entered an order annulling the original decree, and at the same time made and entered a second decree of distribution modifying and changing the terms of the original decree, and omitting therefrom the name of M. L. O'Neil as a distributee. This decree will hereafter be called the second decree.

Thereafter, on or about September 1, 1933, Fousek filed a petition in which he set forth facts showing his interest in the property of the estate, which had been acquired by levy made upon, and purchase of, the interest distributed to M. L. O'Neil in the original decree. Fousek alleged that he had no notice of the proceedings by which the second order and decree were made and entered. He also alleged that petitioner, Joseph O'Neil, in seeking to have the original decree vacated, acted "with the intent to cheat, defraud and deprive petitioner of his interest in the lands." He charged that the court, in making the second decree, acted without knowledge of his interest in the property, which interest, he alleged, had become vested in him prior thereto. He alleged that the court had no jurisdiction to make the second order and decree, and asked that they be annulled and set aside, and that the original decree be restored to full force and effect.

Thereupon the court issued an order to show cause, and relator appeared and filed an answer. At the hearing relator and Fousek appeared before the court and submitted evi-

dence. The matter was then submitted to the court for determination. On February 8, 1934, the court made and entered an order granting the petition of Fousek and canceling and annulling the second degree. (This in effect resulted in the reinstatement of the original decree.) This order will hereinafter be called the third decree.

Relator then made application to this court for a writ of supervisory control to compel the court to set aside its third decree or to show cause why it should not be set aside. The writ was issued, and the respondent court and judge made answer and appeared to show cause. They contend that they did have jurisdiction to make the order of February 8, 1934; relator claims they did not have such jurisdiction.

Both parties seem to attach considerable importance to the question whether the respondent court had jurisdiction to make the second order, vacating the original decree and entering a second decree of distribution. Relator contends that, under sections 9187 and 10365, Revised Codes of 1921, the court did have jurisdiction to vacate the original decree of distribution.

Section 9187 provides, in part, as follows: " * * * The court * * * may, also, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided, that application therefor be made within reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken. * * * "

Section 10365 provides: "Except as otherwise provided in sections 10018 to 10464 of this code, the provisions of sections 9008 to 9832 of this code are applicable to and constitute the rules of practice in the proceedings mentioned in said sections 10018 to 10464."

Respondents assert that the remedy provided in section 9187 ▮ was not properly available to relator; that the only remedy he had was to appeal from the original decree of distribution. In support of this contention respondents cite section 10328, Revised Codes of 1921. That section provides as follows: "In

the order [of distribution], the court or judge must name the persons and the proportions or parts to which each shall be entitled, and such persons may demand, sue for, and recover their respective shares from the executor or administrator, or any person having the same in possession. Such order is conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal.''

Respondents argue that section 9187 is a general statute, applying in general terms to all orders in all proceedings, but that section 10328 is a special statute, applying to modifications or amendments to decrees of distribution in particular; therefore they contend for the rule that, where one statute deals with a subject in a general way and another in a special way, the latter will control.

California has statutes similar to sections 9187, 10365, and 10328. The supreme court of that state has held that, notwithstanding the provisions of section 10328 (Code Civ. Proc. Cal., sec. 1666), making a decree of distribution conclusive unless set aside or modified on appeal, the court may, under the section corresponding to our section 9187, set it aside on a showing that it had been taken against a party through his mistake, surprise, inadvertence or excusable neglect. (*Bacon* v. *Bacon*, 150 Cal. 477, 89 Pac. 317, 320; *In re Hickey's Estate*, 129 Cal. 14, 61 Pac. 475; *De Pedrorena* v. *Superior Court*, 80 Cal. 144, 22 Pac. 71; *In re Estate of Hudson*, 63 Cal. 454. See, also, 12 Cal. Jur. 213; 1 Ross on Probate Law & Practice, sec. 544, p. 851.)

In the case of *Bacon* v. *Bacon*, supra, the court, speaking of the California section identical to our section 10328, said: ''The provision may reasonably be interpreted to mean no more than that the decree of distribution should have the same force and effect as other final judgments; that is to say, that it should not be subject to collateral attack, but only to direct attack on appeal, or as otherwise provided by law. This construction was, in effect, given to it by the decision in *De Pedrorena* v. *Superior Court*, 80 Cal. 144, 22 Pac. 71.'' That case in effect declared that the section does not exclude any form of

direct attack. Such interpretation makes it possible to read the two statutes (secs. 9187 and 10328, supra) together and to harmonize them.

In the case of *State ex rel. Daly* v. *Dryburgh*, 62 Mont. 36, 203 Pac. 508, this court said: "Where one statute deals with a subject in general and comprehensive terms, and another deals with a part of the same subject in a more minute and definite way, the two must be read together and harmonized if possible." (See, also, *Stadler* v. *City of Helena*, 46 Mont. 128, 127 Pac. 454; *Reagan* v. *Boyd*, 59 Mont. 453, 197 Pac. 832; *Langston* v. *Currie*, 95 Mont. 57, 26 Pac. (2d) 160.)

Upon the facts presented by relator in his petition of February 27, 1933, the respondent court was not in error in assuming jurisdiction under section 9187 to set aside the original decree of distribution. The record indicates that the facts subsequently presented by Fousek in his petition so altered the situation as to convince the court that, in view of all the circumstances, it did not have jurisdiction to make the second order and decree.

Respondent court contends that, if it did have jurisdiction to make the second order and decree, then by the same token it had jurisdiction to make the third order setting aside the second decree. If Fousek in his petition had pleaded facts so as to bring himself within the purview of section 9187, then the court might properly have made the third order. However, it does not appear in his petition that the second decree was "taken against him through his mistake, inadvertence, surprise, or excusable neglect." The whole tenor of the petition is to the effect that the court did not have jurisdiction to make the second decree. As we have already indicated, under section 9187 the court did have jurisdiction to make that decree.

Fousek alleges that he was not given notice of the proceedings wherein the second decree was entered. He, having bought the interest of one of the heirs in the state at sheriff's sale, was entitled only to the notice required to be given to

the heir to whose rights he succeeded by purchase. It appears from the record that the notice was given that is required by law (sec. 10330, Rev. Codes 1921); that is, notice "by posting or publication, as the court or judge may direct." The law does not require personal notice to heirs, but only notice by posting or publication. In this instance, however, the court not only ordered posting, but ordered in addition thereto that the heirs be personally served with notice, which was done.

The decree could not be set aside because of lack of personal notice to Fousek, or because the heirs did not have knowledge of the proceedings, if the notice required by law was given. (*Daly* v. *Pennie,* 86 Cal. 552, 25 Pac. 67, 21 Am. St. Rep. 61; *William Hill Co.* v. *Lawler,* 116 Cal. 359, 48 Pac. 323. Compare *State ex rel. Floyd* v. *District Court,* 41 Mont. 357, 109 Pac. 438; *In re Davis' Estate,* 35 Mont. 273, 88 Pac. 957, 958.) "The notice required in probate proceedings serves the purpose of a summons in ordinary actions." (*In re Davis' Estate,* supra.)

Fousek also alleged in his petition that relator, in seeking to have the original decree vacated, acted with the intent to cheat, defraud and deprive him of his interest in the property. Even if it be conceded that this was a sufficient allegation of fraud (a point which we do not decide), still the court had no power to make the third order upon such grounds. Section 9187, supra, does not provide for vacating a judgment upon the ground of fraud. If it was the desire of Fousek to attack the second decree upon the ground of fraud or other irregularity, his remedy was by means of a suit in equity. (*Bullard* v. *Zimmerman,* 82 Mont. 434, 268 Pac. 512; *Bullard* v. *Zimmerman,* 88 Mont. 271, 292 Pac. 730; *Kirby* v. *Hoeh,* 94 Mont. 218, 21 Pac. (2d) 732; *Bacon* v. *Bacon,* supra; *In re Estate of Hudson,* supra.)

A perusal of the whole record and a consideration of the contentions and brief of the respondents leads to the inescapable conclusion that the trial court in reality did not consider the Fousek petition as an original or independent application under section 9187, Revised Codes 1921, but that

it did decide that it did not have jurisdiction and right to hear and grant the O'Neil petition to set aside the original decree. In this it was in error. As we have heretofore explained, it did have jurisdiction to entertain and decide that application on the merits. Therefore the court's final or third order, entered on February 8, 1934, in effect constituted a refusal to consider the O'Neil petition to set aside the original decree. Under this view of the case, we have a situation similar to that presented in the case of *State ex rel. Brophy* v. *District Court*, 95 Mont. 479, 27 Pac. (2d) 509, wherein the court refused to consider a petition or motion to set aside a final account of an administrator.

Let the writ issue.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS and ANDERSON concur.

MR. JUSTICE ANGSTMAN, Dissenting: I think the district court properly set aside the second decree on the application of Fousek. I concede that the court has jurisdiction to modify a decree of distribution of an estate in a proper case. But it may do so only upon notice to all interested parties. (*In re Cote's Estate*, 98 Me. 415, 57 Atl. 584; and see *Aull* v. *St. Louis Trust Co.*, 149 Mo. 1, 50 S. W. 289.) In fact, our statute (section 9187) requires notice to adverse parties. In part it provides: "The court may likewise, in its discretion, *after notice to or in the presence of the adverse party,* allow, upon such terms as may be just, an amendment to any pleading or proceeding in other particulars; and upon like terms allow an answer to be made after the time limited by this Code; and may, also, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided, that application therefor be made within reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken."

In my opinion, my associates are in error in holding that notice of such an application may be given by complying with section 10330, Revised Codes 1921. That section by its own terms has to do with notices of application for distribution of an estate. When the final decree of distribution was made, it released the property from control of the probate court and from further administration. (Bancroft's Probate Practice, secs. 1126, 1147.) It was such a judgment as is contemplated in section 10558, which in part provides: ''1. In case of a judgment or order against a specific thing, or in respect to the probate of a will, or the administration of the estate of a decedent, or in respect to the personal, political, or legal condition or relation of a particular person, the judgment or order is conclusive upon the title to the thing, the will, or administration, or the condition or relation of the person.'' The finality of such an order is also provided for in section 10328. It was subject to being set aside upon application under section 9187, but only upon notice to all interested parties.

Section 9187 is not found in the probate statutes, and it is inconceivable that, after a decree of distribution of an estate has been made and the administrator has been discharged, as here, notice of proceedings under section 9187 can be had by posting or publication, as provided in the probate statute, section 10330. This the learned trial judge understood and required notice to be served personally on all the heirs. At the time of so doing he did not know that Fousek had acquired the interest of one of the heirs, or doubtless he would have required notice to be served upon him. I think it is plain that notice of proceedings under section 9187 must be made as provided in sections 9778 et seq., Revised Codes 1921, which require the serving of written notice by a personal delivery. That this is so is made plain by section 10365. If notice under section 9187 can be had by posting or publication, then when an appeal is taken from an order of distribution, as authorized by section 10328, the notice thereof could be given by posting or publication. This conclusion seems to me unwarranted when section 10365 is considered.

It is conceded here that Fousek had no notice of the proceedings resulting in the second decree, except such as came from a compliance with section 10330, which, so far as he was concerned, was by posting and by publication. When this fact was brought to the attention of the court, as here, it was not only its right, but its manifest duty to set aside the second decree entered without proper notice to Fousek. (Compare *Mitchell* v. *Banking Corporation of Montana,* 94 Mont. 183, 22 Pac. (2d) 155.) As to him, the second decree was absolutely void, for want of jurisdiction over his person. Had the court denied his motion, it would not only have denied to him the right to be heard and thus denied to him due process of law, but would have failed "to give heed to 'the rudiments of fair play.'" (*Life & Casualty Ins. Co.* v. *McCray,* (U. S.) 54 Sup. Ct. 482, 484, 78 L. Ed. ——, decided March 5, 1934.)

My associates say that, if Fousek had the notice that was required by law to be given to the heirs, it was sufficient. Conceding this to be so, I think my associates are in error in supposing that notice to the heirs to modify a decree of distribution may be given by posting or publication. Let us suppose that M. L. O'Neil desired to resist the motion to modify the first decree and that no notice was served upon him except by posting under section 10330. Can it be that, after the decree of distribution was made and the estate closed, it was necessary that he, at his peril, watch the billboards for posted notice of a motion to set aside the decree under section 9187, or of an appeal under section 10328? The question, of course, calls for a negative answer. And on what theory is Fousek, who purchased the property of M. L. O'Neil at execution sale before the second decree was entered, chargeable with a greater degree of vigilance? None can be suggested. The fact that M. L. O'Neil had actual notice of the proceedings to set aside the first decree cannot affect the rights of Fousek, for their interests had become antagonistic.

Neither do I think Fousek must of necessity be relegated to a court of equity on the theory of seeking relief from fraud. Obviously, the only interest Fousek has in the property is that,

if any, which M. L. O'Neil had. Whether the latter had any interest in the property depends upon whether he had received the advancement claimed by him as his full share of the estate. That is an issue for the probate court to determine. (Bancroft's Probate Practice, sec. 1143; 24 C. J. 522.) On that issue Fousek should have the opportunity to be heard, regardless of the question of fraud.

I think the writ should be denied. In my opinion, the court's order setting aside the second decree was correct. The district court should now, after due notice to Fousek and all other interested parties, set down the petition of Joseph O'Neil for a hearing upon the question of a modification of the first decree.