HARRISON, Respondent, v. CANNON, et al., Appellants.

No. 8847

Submitted January 17, 1949.   Decided March 9, 1949.

203 Pac. (2d) 978

Mr. Hugh J. Lemire, of Miles City, and Mr. John D. French, of Polson, for appellants. Mr. Lemire argued the cause orally.

Mr. Lloyd I. Wallace, Mr. L. L. Evans and Mr. F. N. Hamman, all of Polson, for respondent. Mr. Hamman argued the cause orally.

MR. JUSTICE METCALF:

James Harrison died intestate in Lake county on the 29th day of October 1939. Surviving him were his wife, Anna Ella Harrison, the plaintiff and respondent herein, a brother, William Harrison, and four sisters, Elizabeth Hudeman, Sarahann Rooney, Mary Rodgers and Rose Cunningham, the defendants and appellants. This is an action to quiet title to certain lands formerly owned by James Harrison, deceased. From a judgment quieting title to said lands in the plaintiff, the defendants have appealed.

The pertinent facts are: Letters of administration were duly issued in the estate of James Harrison, deceased. On the 17th day of June 1940, the administrator filed his first and final account and report of administration and his petition for final distribution of the estate. The residue of the estate in the hands of the administrator for distribution consisted solely of real estate. The administrator proposed to distribute the estate among the heirs, giving one-half interest to Anna Ella Harrison, as widow of the deceased, and one-third interest to her as dower. The remainder of the estate was to be distributed among the brothers and sisters.

On June 20, 1940, the surviving widow of the deceased, Anna Ella Harrison, the plaintiff herein, filed objections to the petition of distribution. At the same time she filed her election to take one-half of the real estate in lieu of dower, as authorized by section 5821, R. C. M. 1935.

The objection to the distribution for the reason that the widow had elected to take real estate in lieu of dower was sustained. Thereafter, on October 29, 1940, the administrator filed a supplemental account. No notice of hearing of the supplemental account was posted or published or served. On November 7, 1940, the decree of settlement of the first and final account was signed by the district judge.

The court's decree in part was as follows:

"And it appearing to the Court that the widow, Anna Ella Harrison, is entitled to one-half of the estate as an heir of said decedent, and it also appearing that said widow has elected, by

an instrument in writing on file herein, to have and take one-half of the real estate of said decedent in lieu of dower, * * *

"It is hereby adjudged and decreed, That all the acts and proceedings of said Administrator as appearing upon the records hereof, be and the same are, hereby approved and confirmed, and the residue of said estate of James Harrison, deceased, hereinafter particularly described and now remaining in the hands of said Administrator, and any other property not now known or discovered, which may belong to the said estate, or in which the said estate may have any interest, be and the same is hereby distributed as follows, to-wit:

"The whole thereof to Anna Ella Harrison."

On June 3, 1941, William Harrison, defendant herein, petitioned the court to vacate and set aside the decree of distribution. The grounds for that petition were:

(1) That no notice of the settlement of the supplemental account was posted or published as required by law and therefore the court was without jurisdiction to enter said decree;

(2) That said decree was erroneous in distributing the entire estate to the widow, thus depriving the surviving brothers and sisters of their distributive shares.

The petition to vacate and set aside the decree was heard on July 1, 1941, and on that day the widow filed objections to the petition, which were overruled by the court and a hearing on the "issues of fact and law" raised by the petition, set. The hearing on the petition was had in open court on the 23rd day of September 1941. The court heard evidence and argument and on September 26, 1941, filed an order denying the petition. There was no appeal from the decree of distribution and no attempt to appeal from the adverse ruling on the petition to vacate the decree.

On June 10, 1947, Anna Ella Harrison instituted an action to quiet title to the lands awarded her by the decree of distribution. The defendants answered, by denying the validity of the decree of distribution and by filing a cross-complaint asking the court to quiet title in them to an undivided one-half interest in

the real estate. formerly owned by James Harrison, deceased. From an adverse. judgment the defendants have appealed.

In their answer and cross-complaint in the instant case the defendants have raised the same objections to the decree of distribution entered in the Estate of James Harrison, deceased, that they made in their petition to vacate and set aside the decree of distribution in June of 1941. In their specifications of error they have assigned as error the same objections that they originally raised in the June petition to vacate and set aside the decree.

The effect of a decree of distribution is set forth in section 10328, R. C. M. 1935, which provides: "In the order, the court or judge must name the persons and the proportions or parts to which each shall be entitled, and such persons may demand, sue for, and recover their respective shares from the executor or administrator, or any person having the same in possession. Such order is conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal." "* * * while such a decree is not, strictly speaking, a judgment, it is treated as a judgment and the mode of review applicable to a decree in probate proceedings * * *." Hoppin v. Long, 74 Mont. 558, 578, 241 Pac. 636, 645. Citing Ryan v. Kinney, 2 Mont. 454; State ex rel. McHatton v. District Court, 55 Mont. 324, 176 Pac. 608; 3 Bancroft's Probate Practice, sec. 1147, p. 1884.

Therefore, in the absence of fraud, a decree of distribution made upon due notice is conclusive of the rights of heirs, as against collateral attack. An attempt to invalidate a judgment, or a decree having the force and effect of a judgment, in a quiet title suit is a "collateral attack." Sanborn v. Lewis and Clark County, 113 Mont. 1, 120 Pac. (2d) 567; Lander & Co. v. Brown, 110 Mont. 128, 99 Pac. (2d) 217; Frisbee v. Coburn, 101 Mont. 58, 52 Pac. (2d) 882.

Conceding that the court was in error in finding that the entire estate belonged to the surviving widow of James Harrison, deceased, under the provisions of the statute of succession

and distribution then in effect (sec. 7073, R. C. M. 1935, prior to amendment by Chapter 140, Laws of Montana of 1941), in the absence of appeal or some other statutory method of correcting the decree, it became final in the same manner as any other judgment and property rights determined therein were conclusively settled. Vantilburg v. Black, 3 Mont. 459, 468.

But here the contention of the appellants is that there was no notice of the hearing on the petition for final distribution. The only notice posted was for the hearing on the first and final account and petition for distribution of the administrator filed on June 17, 1940. The appellants were satisfied with this petition and had the estate been distributed in accordance with its terms they would have secured the portion to which they were entitled. But after the surviving widow filed objections which were allowed, and the administrator filed his supplemental account, the court's order of distribution denied the appellants any portion of the estate. The appellants contend that this so-called "supplemental account" was so materially different that in effect it was a new petition for distribution and should have been noticed as provided by sections 10300 and 10330, R. C. M. 1935. Relying on In re Davis' Estate, 35 Mont. 273, 88 Pac. 957 and Lamont v. Vinger, 61 Mont. 530, 202 Pac. 769, the appellants assert that such notice was necessary in order to give the court jurisdiction to order the distribution of the estate and failure to give the statutory notice rendered the decree void and open to collateral attack. See also Hoppin v. Long, supra, and State ex rel. O'Neil v. District Court, 96 Mont. 393, 30 Pac. (2d) 815.

The statute provides that when any account is rendered for settlement, the judge may fix a date for its settlement and must give notice therefor. Sec. 10299, R. C. M. 1935. When the settlement is for a final account, the notice must so designate. Sec. 10300, R. C. M. The purpose of this section and of section 10299 is to bring all interested parties within the jurisdiction of the court and bind them by the court's orders. In re Kostohris' Estate, 96 Mont. 226, 29 Pac. (2d) 829. On the day set for the hearing on the account, whether it be an interim ac-

count or a final account, any person interested may appear and file exceptions in writing to the account and contest the same and the hearing may be postponed to any subsequent day by the court. At the same time that the final account is settled, the executor or administrator may petition for distribution of the estate. Section 10330 of the Revised Codes provides that the decree of distribution of the estate may be made only after notice. Such notice may be given by posting or publication as the court or judge may direct and for such time as may be ordered. The notice for the decree of distribution and the notice for settlement of the final account are both jurisdictional. Hoppin v. Long, supra; In re Davis' Estate, supra. There is no question in the instant case but that the original notice was properly given in conformity with sections 10300 and 10330, R. C. M. 1935. The contention here is that after such notice the objectors came in, filed written exceptions to the final account and objections to the petition for distribution and after a continuance the court allowed the objections and the subsequent distribution was materially altered. The very purpose of giving notice is to permit all interested parties to come in and file their written exceptions and written objections. It is contemplated that when such parties have filed exceptions or objections, it may be necessary to continue the hearing, to have a hearing either before the court, or in some instances by jury, to determine the facts and after the objections and exceptions are ruled upon by the court, the petition for distribution is granted in whole or in part, or denied as is necessary.

The rule is laid down in Re Bell's Estate, 58 Cal. App (2d) 333, 136 Pac. (2d) 804, 806: ''After notice has been properly given in the first instance, it becomes the duty of all interested parties to keep themselves informed by diligent inquiry of subsequent continuances of the hearing. (Citing cases.)''

In the case of Abels v. Frey, 126 Cal. App. 48, 14 Pac. (2d) 594, 596, it is said in this regard, ''The presumption being that proper notice has been given when there is no allegation to the

contrary, it is the duty of the person notified to make inquiry as to the proceedings pending."

In Re Howard's Estate, 108 Utah 294, 303, 159 Pac. (2d) 586, 590, the Utah court said: "Proper notice was given of the filing and time for hearing of both the account and the petition. This constituted notice not only of the hearing of the account and the petition, *but of all issues and questions that might arise from objections thereto.* All matters involved therein were before the court for hearing and determination. In re Estate of Grant, 131 Cal. 426, 63 Pac. 731; In re Estate of Ryer, 110 Cal. 556, 42 Pac. 1082. Whether additional notice should be given is a matter within the discretion of the court below, and in the absence of anything to show an abuse of such discretion, the appellate court will not interfere." (Emphasis added.)

It is customary to settle the final account prior to passing upon the petition for final distribution. If objections are made to the final account, in accordance with sections 10301, 10302 and 10303 of the Revised Codes of Montana 1935, then it is proper to continue the case until such time as exceptions can be heard, the rights of the parties determined, and after such determination, enter the decree of distribution. Indeed, upon application of an heir and for good cause shown it is the duty of the court to keep the estate open for a reasonable time prior to final distribution. State ex rel. Rubin v. District Court, 62 Mont. 60, 203 Pac. 860.

In the case of In re Jennings' Estate, 74 Mont. 449, 468, 241 Pac. 648, 655, 658, the administrator filed a final account in which a hearing was noticed. Later he filed a supplemental final account and prayed for allowance of additional compensation and attorneys' fees. The court there said: "Where an administrator, in rendering his account, asks that his fees and those of his attorney be fixed, notice of the hearing of the account is sufficient to comprehend the subjects covered by the account; all will be deemed included in the notice."

But then the court found that the notice of the determination of the final account had failed to mention any fees of the ad-

ministrator or the attorney. None were included in the final account filed and additional notice would have to be given to those interested in the estate before they could set such fees for the administrator and the attorney. This was followed by In re Culver's Estate, 91 Mont. 475, 8 Pac. (2d) 662, and State ex rel. Regis v. District Court, 102 Mont. 74, 85, 55 Pac. (2d) 1295. In the latter case the question was whether a notice that an application for attorneys' fees would be made was sufficient to permit the attorney to collect additional fees for "extraordinary" services which he claimed in a separate petition filed without notice. The Montana court followed the Jennings Estate case and declared that the petition for the additional attorneys' fees would have to be noticed within the provisions of section 10330, as additional to the settlement of the final account and therefore the court had no jurisdiction to enter an order for exceptional attorneys' fees above and beyond the statutory fees for attorneys' services. This is the same rule adopted by the Idaho court in Davenport v. Simons, Idaho 1947, 189 Pac. (2d) 90. However the Idaho court in another phase of the same litigation, Simons v. Davenport, 66 Idaho 400, 160 Pac. (2d) 464, held that once notice had been properly given in the first instance it was the duty of interested parties to keep themselves informed of subsequent proceedings. Citing In re Bell's Estate, Cal., quoted above.

In the instant case notice was properly given at the inception of the probate proceedings. Adequate, sufficient, statutory notice was given of the administrator's petition for the settlement of the final account and for distribution of the estate. This was notice to all the world that this estate would be distributed and the final account settled. Had there been no objections or no exceptions the court could have settled the final account in accordance with the notice. The notice given by the administrator complied with the statute. In this respect it differs from the notice given in the Jennings Estate case and in the case of State ex rel. Regis v. District Court, supra. The fact that the court made a decree of distribution that was different from that set

out in the petition was because some of the parties so notified came in and objected. The widow, by filing her objections and electing to take half of the real estate in lieu of dower, materially altered the necessary distribution of the estate. But this is one of the matters that it was incumbent upon all parties interested in the distribution of the estate to take an interest in, to keep themselves informed about, to be alert to guard their rights until its final determination. The contention that the court was without jurisdiction is without merit.

The appellants' attempt to retry the issues after a lapse of more than six years in a collateral attack upon the validity of a decree of distribution violated the fundamental rules of res judicata. The trial court properly so held. The judgment is affirmed.

Mr. Chief Justice Adair and Associate Justices Angstman, Freebourn and Bottomly concur.