STATE EX REL. SANFORD, RELATOR, v. DISTRICT COURT OF FOURTH JUDICIAL DISTRICT IN AND FOR MISSOULA COUNTY, ET AL., RESPONDENTS.

No. 9036.
Submitted November 8, 1950. Decided December 21, 1950.
225 Pac. (2d) 866.

Messrs. Smith, Boone and Rimel, and Mr. Edward T. Dussault, all of Missoula, for relator. Mr. Russell E. Smith and Mr. Dussault argued the case orally.

Messrs. Lympus & Cyr, Missoula, for respondents. Mr. Oskar O. Lympus and Mr. Krest Cyr, argued the case orally.

MR. JUSTICE BOTTOMLY:

Original proceeding. On relator's petition challenging the jurisdiction of the district court in a probate proceeding to set aside and vacate its decree theretofore entered settling the final account of an executrix and distributing decedent's estate, this court issued a writ of review directed to the respondent court.

On November 13, 1948, Harry Irvin Rice, a resident of Missoula county, Montana, died testate naming as his legatees his widow, Emma H. Rice, his son Harry R. Rice, his daughter Pauline Walsh (now Pauline Sanford) and his two grandsons, Paul Walsh and Wallace Walsh.

Testator's will, naming Pauline Walsh as executrix, was admitted to probate, and on December 17, 1948, letters testamentary issued to such executrix, who thereupon qualified, entered upon her official duties and administered the estate.

On January 19, 1950, on petition of the executrix filed December 31, 1949, the district court made and caused to be entered its order and decree settling the final account of the executrix, determining the inheritance tax and decreeing distribution of the estate.

On June 24, 1950, being more than five months after the making and entering of the aforesaid order and decree, the widow Emma H. Rice and the son Harry R. Rice filed in the district court in the matter of the estate, a motion supported by the affidavit of the movant Emma H. Rice, for an order to set aside the order and decree of January 19, 1950. The motion is grounded on fraud alleged to have been perpetrated against the movants by the executrix.

On June 24, 1950, on the filing and reading of the motion and

affidavit, the respondent court issued an order directing the executrix to show cause on a day certain, why the order sought by movants should not be granted.

The executrix interposed a motion to quash the order to show cause and upon the denial of her motion filed an answer to which the movants made reply.

A hearing was had on the issues presented by the motion to set aside, the affidavit of Emma H. Rice, the answer and the reply, following which the court made and filed findings of fact and conclusions of law for the movants and against the executrix, to which findings and conclusions the executrix duly excepted.

Thereafter on September 18, 1950, the respondent court made and entered its order and decree that its prior order and decree of January 19, 1950, be "set aside and vacated."

Respondents have filed a motion to quash the writ issued herein, but, pending the determination of such motion, all proceedings had and done in the respondent court have been certified to this court for review.

In this original proceeding the relator executrix challenges the jurisdiction of the respondent court to make the order to show cause of June 24, 1950, and its order and decree of September 18, 1950.

The statutes limit and define the authority and jurisdiction of a district court sitting in probate. In re Dolenty's Estate, 53 Mont. 33, 43, 161 Pac. 524.

R. C. M. 1947, section 91-3516, provides: "The settlement of any account and the allowance thereof by the court or judge, *or upon appeal, is conclusive against all persons in any way* interested in the estate, saving however, to all persons laboring under any legal disability, the right to move for cause to reopen and examine the account, or to proceed by action against the executor or administrator, either individually or upon his bond, at any time before final distribution; and in any action brought by any such person, the allowance and settlement of the account is prima facie evidence of its correctness; provided, the court

may, upon motion of any party interested, or upon its own motion, *within sixty days after the rendition of the decree* in cases of inadvertence, or *within sixty days after the discovery of the facts constituting the fraud,* reopen or set aside any decree of any settlement on the grounds of inadvertence or fraud.'' Emphasis supplied.

On May 14, 1949, the inventory and appraisement of the estate was duly filed in the respondent court so that, at and long before the making of the order and decree of January 19, 1950, the movants, Emma H. Rice and Harry R. Rice, each had notice and were fully informed as to the property listed in the inventory and appraisement. Under the notice, duly given of the settlement of final account and petition for distribution of the estate, the movants knew or could have known the persons to whom it was to be distributed, and the share each legatee was to receive thereunder. Possessing this notice and information, neither movant interposed any objections or took any exceptions to either the inventory and appraisement, the final account of the executrix or her petition for the settlement of such account and for the distribution of the estate, nor did either movant avail himself of any of the relief or procedure expressly provided in R. C. M. 1947, sections 91-3514 and 91-3516 nor did either appeal from the order or decree of January 19, 1950.

This court has stated, in Harrison v. Cannon, 122 Mont. 318, 203 Pac. (2d) 978 at page 982, ''* * * this is one of the matters that it was incumbent upon all parties interested in the distribution of the estate to take an interest in, to keep themselves informed about, to be alert to guard their rights until its final determination.'' See, Kerrigan v. O'Meara, 71 Mont. 1, 8, 227 Pac. 819; In re Estate of Murphy, 57 Mont. 273, 281, 282, 188 Pac. 146; Montgomery v. Gilbert, 111 Mont. 250, 273, 108 Pac. (2d) 616.

Section 91-3516, supra, gives only a ''right to move,'' within the sixty-day period, to have the decree reopened or set aside. If the party or the judge does not move within the statutory

period, the motion comes too late as the court or judge loses jurisdiction.

In the absence of proper and timely challenge the court loses jurisdiction to grant any relief under the provisions of section 91-3516, supra. See, In re Sullivan's Estate, 112 Mont. 496, 503, 118 Pac. (2d) 137; 1 Bancroft's Probate Practice, pp. 45-46, sec. 23; In re Sprigg's Estate, 68 Mont. 92, 94, 216 Pac. 1108; State ex rel. Kelly v. Second Judicial District Court, 25 Mont. 33, 38, 63 Pac. 717.

The provisions of R. C. M. 1947, section 93-3905, do not provide for the setting aside of a judgment on the ground of fraud being the only ground on which the movants rest their motion. Such relief on such ground while available in a court of equity is not obtainable in a court of probate. State ex rel. O'Neil v. District Court, 96 Mont. 393, 399, 30 Pac. (2d) 815.

If dissatisfied with the distribution adjudged the movants were privileged to take an appeal within the statutory period allowed therefor but this they failed to do. R. C. M. 1947, sec. 93-8003, subd. 3; R. C.M. 1947, sec. 93-8004, subd. 4; Harrison v. Cannon, supra; Hart v. Barron, 122 Mont. 350, 204 Pac. (2d) 797, 805; Hoppin v. Long, 74 Mont. 558, 569, 241 Pac. 636; Merhart v. Powers, 73 Mont. 451, 236 Pac. 1076; State ex rel. Reid v. District Court, 68 Mont. 309, 218 Pac. 558; State ex rel. McHatton v. District Court, 55 Mont. 324, 176 Pac. 608; Finlen v. Heinze, 28 Mont. 548, 73 Pac. 123.

No appeal having been taken and no proper or timely challenge having been interposed the order and decree of January 19, 1950, became final as to movants. R. C. M. 1947, sec. 91-3516 and sec. 91-3902.

Under the facts obtaining herein the respondent court lost jurisdiction upon the expiration of the sixty-day period allowed by statute for directing a challenge against the order and decree of January 19, 1950, hence respondent's motion to quash the writ issued by this court, lacking in merit, is denied.

The respondent court sitting in probate being without jurisdic-

434

tion, its subsequent order denying relator's motion to quash the order to show cause, the trial court's findings of fact and conclusions of law filed September 8, 1950, and its order and decree of September 18, 1950, are wholly null and void, and accordingly the respondent court is directed to make an order allowing the motion to quash its order to show cause, and setting aside its findings of fact and conclusions of law filed September 8, 1950, and its order and decree of September 18, 1950, and to reinstate its original order and decree of January 19, 1950, this determination and these directions to be without prejudice to the right, if any of movants to further challenge in a proper court and proceeding the order and decree by which they claim to be aggrieved. It is so ordered.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES FREEBOURN, ANGSTMAN and METCALF, concur.